Charles M. SCHWARZ and Lloyd E. Bennett, Executors of the Estate of Edward Longinette and Carrie V. Longinette, Deceased, Plaintiffs-Respondents,

v.

Kent Allen GAGE, Defendant-Appellant.

No. 32700.

St. Louis Court of Appeals.

Missouri.

June 13, 1967.

34

Armstrong, Teasdale, Kramer & Vaughan by John J. Cole and Fred Leicht, Jr., St. Louis, for appellant.

Jerome T. Bollato and Burton H. Shostak, St. Louis, for respondent on respondent's case.

F. X. Cleary, Paul S. Brown and J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent on appellant's counterclaim.

CLEMENS, Commissioner.

This lawsuit arose from the collision of two automobiles approaching each other along the center line of the Grand Avenue overpass in St. Louis. The driver of the northbound car, Edward Longinette, was killed; the plaintiffs are his executors. By Count I they sue on behalf of his collateral heirs for pecuniary damages they claim to be the result of his wrongful death. (By Count II the plaintiffs sued for Mrs. Longinette's wrongful death, but this count was voluntarily dismissed before trial.) By Count III the executors sue for damage to Mr. Longinette's automobile. Defendant Kent Allen Gage, driver of the southbound car, was injured in the collision and he counterclaims.

The plaintiff executors got a verdict and judgment for $4,400 for Mr. Longinette's wrongful death plus $600 for property damage to his car. The defendant appeals. (The verdict and judgment went against the defendant on his counterclaim, but he makes no complaint of that either in his after-trial motion or brief; so, our concern is limited to plaintiffs' $5,000 judgment against defendant.)

Two issues determine this appeal. As to Count I for wrongful death under § 537.080 (4), V.A.M.S., the question is this: Did the plaintiffs establish the reasonable probability of pecuniary loss to the decedent's heirs by merely showing that within the year before his death the decedent had occasionally bought groceries and made household repairs for his widowed sister? We think not. As to Count III

for property damage, the question is this: Was it prejudicial error to admit parol testimony describing the contents of the certificate of ownership to the damaged automobile when the certificate's absence was unexplained and there was no other evidence of ownership? We think so. These two issues in turn.

The only evidence of pecuniary loss by the Longinette heirs was the testimony of Mr. Longinette's 79-year-old widowed sister, Violet Wernecke. She said that Mr. Longinette was 74 years old when he died and worked at the sheet metal trade. He was survived by Mrs. Wernecke, another sister and one brother. Mrs. Wernecke's testimony on the issue of probable pecuniary loss follows:

"Q Within the year and a half prior or within the year prior to Mr. Longinette's death, did he during that period furnish you or give you any financial assistance?

"A Well, I run into him in the grocery store and he would pay my grocery bill every once in awhile, whenever I would run into him, he would pay my grocery bill because I was by myself."

\* \* \* \* \* \*

"Q How often did this occur in that year prior to your brother's death?

"A Oh, about four or five times."

\* \* \* \* \* \*

"Q State whether or not in that year prior to your brother's death, had he given you or provided any labor or did anything on your premises to improve them?

\* \* \* \* \* \*

"A He fixed my furnace, he put a new back in my furnace and put a pipe in and he fixed my plumbing and the boys in my neighborhood threw rocks and broke three windows and he got the glass and

put them in and he fixed anything that was really needed."

\* \* \* \* \* \*

"Q You were not dependent upon him?

"A No, but he always thought it would help me out if he paid my grocery bill, if he paid for my groceries."

She said nothing about the value of these groceries or repair services.

It is easy to state, but harder to apply, the test governing the right to recover under this part of our wrongful death statute, § 537.080(4), V.A.M.S. Plaintiffs' cited case of Domijan v. Harp, Mo., 340 S.W.2d 728 [12], says: "The test of the right of recovery under our death statutes is the reasonable probability of pecuniary benefit from the continued life of the deceased, or a pecuniary injury from the death,—and not that of strict legal dependency."

Tracing that statement back to its source in Missouri law, we note that the Domijan case relied on Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 145 A.L.R. 1176 [6–9], which adopted the rule laid down in McCullough v. W. H. Powell Lumber Co., 205 Mo.App. 15, 216 S.W. 803 [5–8], where it was said: "The fact of pecuniary benefit does not require definite and exact proof; but wherever there exists a reasonable probability of pecuniary benefit to one from the continuing life of another, however arising, the untimely extinction of that life raises a presumption of pecuniary injury." The McCullough case, in turn, relied on the earliest Missouri case on the question of pecuniary loss by heirs, Hickman v. Mo. Pac. Ry. Co., 22 Mo.App. 344, l. c. 351. There the court adopted the law of Pennsylvania, saying: "It was said in *North Pennsylvania Railway Company v. Kirk* (90 Pa.St. 15), that 'if there be reasonable expectation of pecuniary advantage from a person bearing the family relation, the destruction of such expectation by negligence occasioning the death of the party from whom it arose will sustain the action.'"

Because the law of Pennsylvania is the source of our law on this point, it is enlightening to note the development of the principle there. In Gaydos v. Domabyl (1930), 301 Pa. 523, 152 A. 549 [5, 6], the principle is stated thus:

"Pecuniary loss has been defined to be a destruction of a reasonable expectation of pecuniary advantage from the deceased. It is not a matter of guess or conjecture, but must be grounded on reasonably continuous past acts or conduct of the deceased. P. R. R. [Pennsylvania R. Co.] v. Butler, 57 Pa. 335, 338; North Penna. Railroad v. Kirk, 90 Pa. 15; Schnatz v. Phila. & Reading Railroad, supra, [160 Pa. 602, 28 A. 952].

"The reasonable expectation of pecuniary advantage to one standing in the family relation may be shown in many ways, but more frequently through services, food, clothing, education, entertainment, and gifts bestowed. To be reasonable, the services and gifts must have been rendered with a frequency that begets an anticipation of their continuance; occasional gifts and services are not sufficient on which to ground a pecuniary loss. Schnatz v. Phila. & Reading Railroad, supra, [160 Pa. 602, 28 A. 952]."

We note that the last sentence distinguishes continuous and substantial contributions on the one hand from occasional gifts and services on the other. We particularly note that distinction because not one of the Missouri cases cited in the briefs here, or uncovered by our own research, is based on contributions remotely similar to the case now before us.

Thus, in the Wente case, supra, the deceased mother had rendered domestic serv-

ices to her daughter. In the McCullough case, supra, the deceased adult son had lived with and helped support his family. In the Domijan case, supra, the deceased mother had given substantial sums of money regularly to each of three children. So, we are left with the test clearly stated, but applied in cases where the extent of the decedents' contributions left no doubt about the reasonable probability of pecuniary loss to the heirs. Here, we do have such a doubt.

 To apply the test to the facts here, we recall the basic principles of damages in wrongful death actions: Damages are limited to losses that can be measured in money. Where the plaintiff had been a lawful dependent of the deceased, the law implies damages. Not so where the action is for the benefit· of decedent's collateral heirs to whom the decedent owed no duty for support; in such case the plaintiff has the burden of proving a pecuniary loss to the heirs. Acton v. Shields, Mo., 386 S.W.2d 363 [10]. The loss to the heirs need not be shown by definite and exact proof; it may be proved by circumstances showing a reasonable probability of pecuniary loss. McCullough v. W. H. Powell Lumber Co., supra.

 Reverting to the plaintiffs' evidence of damages, we have only the four or five instances where the decedent bought groceries for his sister when they happened to meet at the grocery store, coupled with two or three acts of household repairs. Plaintiffs did not show the value of these gratuities. They rely on these circumstances alone to prove the probability of Mrs. Wernecke's pecuniary loss by her brother's death. That probability, of course, was not susceptible of direct proof. Still, plaintiffs had the burden of showing —with reasonable certainty and beyond speculation—factual circumstances leading to the conclusion that she would suffer her claimed pecuniary loss.

 ▪The rule for measuring circumstantial evidence is found in numerous cases collected in 12A Mo.Digest, Evidence, It was stated clearly for this court by Judge Bennick in Bowers v. Columbia Terminals Co., Mo.App., 213 S.W.2d 663 [9, 10] :

"While it is not the rule in this state that for a conclusion to be supported by circumstantial evidence, the proof must rise to a degree of certainty which will actually exclude every other reasonable conclusion but the one desired, it is nevertheless held that the proof should have such a tendency, since the force and effect of circumstantial evidence depend upon its incapability of explanation or solution upon any other supposition than that of the truth of the fact which it is adduced to prove. * * * if the facts proved by the party having the burden of proof give no more than an equal basis for two or more inconsistent conclusions as to the existence of an essential fact such party has in that event failed to remove the case beyond the realm of speculation and conjecture, and the facts essential to his recovery are not established by legitimate proof. [Citing cases.]"

Applying this principle to our case, we must deny the sufficiency of plaintiffs' evidence. The decedent's contributions to his sister did not rise above the level of occasional gratuities. The purchases of groceries were at best fortuitous. These, coupled with the vaguely described household repairs, were neither continuous nor substantial enough to show with reasonable certainty that there would be a future pecuniary loss to Mrs. Wernecke. A conclusion that she has sustained a pecuniary loss cannot be reached without guessing and speculating. The vital element of pecuniary loss was not proved by the evidence. This conclusion forces a decision as to disposition: reversal or remand.

■ It appears to us from the record that the plaintiffs' evidence about the time, extent, nature and value of decedent's contributions to Mrs. Wernecke was not as fully developed as it could have been. We believe the interests of justice will best be served by a remand of Count I for a new trial rather than by an outright reversal. Compare Green v. Ralston Purina Co., Mo., 376 S.W.2d 119 [15]; Cudney v. Midcontinent Airlines, 363 Mo. 922, 254 S.W.2d 662 [9]; Lynch v. St. Louis Public Service Co., Mo.App., 261 S.W.2d 521 [5]. That will be our ruling on Count I.

We are still faced with defendant's point concerning the best evidence rule. This pertains to Count III, whereby the plaintiffs recovered $600 for damages to Edward Longinette's automobile.

■ The plaintiffs pleaded that Edward Longinette owned the damaged automobile. By his answer the defendant denied this ownership. The plaintiffs sought to prove ownership by verbally relating the contents of the statutory certificate of ownership. (§§ 301.190 and 301.195, V.A.M.S.) They neither produced the certificate nor explained its absence. Over defendant's repeated objections that the certificate itself was the best evidence of its contents, executor Schwarz was permitted to testify he had seen the certificate and that it named Edward and Carrie Longinette as the owners. The certificate was the best evidence of its contents. See Payne v. Strothkamp, Mo.App., 153 S.W. 2d 402, and State ex rel. and to Use of Johnson v. St. Louis-San Francisco Ry. Co., 315 Mo. 430, 286 S.W. 360 [11]. Absent a showing that the certificate was unavailable, it was error to permit parol testimony of its contents. Benton v. Craig, 2 Mo. 198, l. c. 200; Baker v. Atkins, Mo.

App., 258 S.W.2d 16 [6]; Best v. Equitable Life Assur. Soc., Mo.App., 299 S.W. 118 [5].

Not all errors are prejudicial, but this one is. Under Count III seeking damages for destruction of the automobile, its ownership by Edward Longinette at the time of his death was a disputed, material element of plaintiffs' case. Without the improperly admitted parol testimony about the contents of the certificate, there was no evidence whatever of ownership. It follows that the erroneous admission of the parol evidence was prejudicial. Schears v. Missouri Pacific R. R. Co., Mo., 355 S.W. 2d 314 [2], and Holmes v. Terminal R. R. Ass'n of St. Louis, 363 Mo. 1178, 257 S.W. 2d 922 [7]. So, Count III must be remanded for a new trial.

Since some of the issues raised at the first trial may recur on a new trial, we have examined the other points raised by defendant in his after-trial motion and brief. We find no other errors.

For the reasons stated, Counts I and III are remanded for a new trial; the judgment for the plaintiffs on defendant's counterclaim should be held in abeyance pending disposition of plaintiffs' Counts I and III.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, Counts I and III are remanded for a new trial; the judgment for the plaintiffs on defendant's counterclaim is ordered held in abeyance pending disposition of plaintiffs' Counts I and III.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.