## BRAZIER v. TARVER.

4   569
99  305

1. When a suit is commenced in the name of a person without his consent, and carried on for the benefit of another who claims an interest, the plaintiff on the record is authorized to dismiss the suit unless indemnity is given him against the costs, but the erroneous action of an inferior Court in allowing such a plaintiff to dismiss his suit can only be corrected by *mandamus*.
2. It is not erroneous however, to refuse to open the time which has been given in such a case to furnish the indemnity. After the time has expired the discretion of the Court is absolute and will not be controlled.

WRIT of Error to the Circuit Court of Lowndes county.

In the writ and declaration Brazier is named as the plaintiff, but in the progress of the cause he filed an affidavit, stating that it was commenced and carried on without his knowledge or consent, and he asked that it might be dismissed, and the attorney of record required to give security for costs.

The Court then ordered that the plaintiff of record should be indemnified by the person claiming the beneficial interest, by bond, with surety, conditioned to pay the plaintiff such costs as he might be compelled to pay. The order, as entered on the minutes, is silent with respect to the time when the indemnity should be given, but was really limited to four months, as appears by an entry, *nunc pro tunc*, made after the cause was dismissed. At the next term after the order for indemnity, the suit was dismissed, although the person interested then offered to give the requisite security.

The writ of error is not on file, but the assignment of error is entitled in the names of the parties to the suit, and the judgment of the Circuit Court dismissing the cause is sought to be reversed, on the ground that the security was offered within the time allowed by the order actually entered, and that it was erroneous to enter the amended order after the case was ended.

G. W. GAYLE, for the plaintiff in error.
J. P. SAFFOLD, contra.

Brazier v. Tarver.

GOLDTHWAITE, J.—The controversy here, is not between the plaintiff and defendant to the case, but results from a desire in the plaintiff named on the record, to dismiss his suit, which is opposed by one claiming to be entitled to carry it on for his own benefit in the other's name.

We think it very clear, that when a suit is once dismissed at the instance of the plaintiff upon the record, that the correctness of the proceeding cannot be inquired into, upon a writ of error; for this course would involve the defendant in a controversy in which he has taken no part, and in which he has no interest.

We do not doubt that it is the duty of a Court to protect the rights and interests of those who are beneficially interested in suits or choses in action. Such suitors can, and ought to be protected, against the improper interference of the plaintiff on the record, but the only mode to correct erroneous action in this particular, is by mandamus.

In the present case, however, we think there was no obligation cast upon the Court to open the time limited by the actual order entered upon the minutes   It is not material to inquire by which order the person in interest was to govern himself. If by that entered on the minutes, then, no time being specified, the security ought to have been given within a reasonable time; and if by the other, within four months.   In either event the order was not complied with, and although, in matters of this nature, the Court might very properly open the order and allow further time, its discretion is absolute and will not be controlled.

Judgment affirmed.