Greenlee v. Railroad Company.

ALICE GREENLEE *et al. v.* E. T., VA. & GA. R. R. Co.

ACTION. *Suit may be dismissed, when. Widow.* A suit brought by a widow
under the act of 1871, ch. 78, for injuries causing the death of her
husband, may be dismissed by her over the objection of the children
of the deceased.

FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson
county. J. G. ROSE, J.

O. C. KING for Greenlee.

GEO. BROWN for Railroad.

TURNEY, J., delivered the opinion of the court.

Wm. A. Greenlee was killed on the road of the
defendant by its engine and train. Mary Greenlee,
widow, instituted suit for damages.

On compromise, the company paid her $1,500, and
also paid the costs, in consideration of which she
agreed to dismiss her suit.

The motion to dismiss was resisted by some of
the children of deceased, who asked to be permitted
to prosecute, insisting the suit was instituted for the
joint benefit of the widow and themselves. The court
refused the application, and dismissed the suit upon
the terms of the compromise, to which the children
excepted and appealed to this court.

Greenlee v. Railroad Company.

The question is, can the widow, under the statutes authorizing the suit, dismiss it against or without the consent of the children?

The act of 1871, ch. 78, sec. 1, provides: "That sec. 2291 of the Code of Tennessee be so amended as to provide that the right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission or killing by another, would have had against the wrongdoer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or his personal representative for the benefit of his widow or next of kin, free from the claims of his creditors."

Sec. 2: "That section 2292 be so amended as to allow the widow, or if there be no widow, the children, to prosecute suit, and that this remedy is provided in addition to that now allowed by law in the class of cases provided for by said section and sec. 2291 of the Code, which this act is intended to amend."

It is true, as argued, that the suit is for the benefit of the widow and children. It is also true, the widow alone has the right to sue in the first instance. The children have the right only when there is no widow. The widow may sue or not, at her option. We have holden that if she fail to sue for the period of twelve months, the suit is barred even as to minors. Having, then, the right to sue, to be exercised at her own election, it follows, as a necessary incident to that

right, that she may control the suit by compromise, abandonment, prosecution or dismissal. The amendments do not destroy or take away the interests of the children in the recovery, or, in this instance, the compromise.

The judgment must be affirmed.