MARY STEPHENS, for use, etc., v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY.

COMPROMISE. *Suit for benefit of widow and children may be compromised by widow.* Where suit is brought by the widow of deceased who received personal injury resulting in death, she has the right to compromise or settle the suit as she may see fit without the consent of the guardian of the child of the deceased, and against the consent of her attorneys who managed the case.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, J.

BATE & WILLIAMS for Stephens.

EAST & FOGG for Railroad Company.

FREEMAN, J., delivered the opinion of the court.

The case is this, a suit had been commenced in the name of Trafford, administrator of R. W. Stephens, against defendant to recover damages for the alleged

negligently injuring said Stephens, so that he died, while acting as brakesman on the defendant's road. The suit was for the use of the widow, Mary Stephens, and Mary Francis Stephens, the only child of deceased. After this suit had been pending some time, it appears from an entry in the record, that Trafford had resigned as administrator of the deceased, and that Mary Stephens is his widow, and Mary F. Stephens his only child, thereupon by consent of parties, the cause was revived in the name of the said widow, for the use and benefit of herself, and said child, without the necessary letters of administration *de bonis non.* This was done June, 1878.

It is only necessary to say, for the decision of the question presented by this record, that after this, the widow (she having in the meantime married), and her husband, who had been appointed administrator of the deceased husband, agreed upon terms of compromise with the Railroad Company, which was reduced to writing, by which $300 was paid to the parties, and she agreed to a dismissal of the suit, and ordered the same to be done in writing, which was done by the clerk in pursuance of her order, as appears by an entry in this record. This was done without the consent or advice of her counsel, Messers. Bate & Williams, who brought the suit. They seem to have heard of the proposed compromise, and protested against it, in a letter to the attorneys of the Railroad, assuming they alone had control over the suit, and suggesting they would not regard it, if made with the plaintiff. In the meantime, before the meeting of the

court at next term, Mr. Goodlett had been appointed guardian of the child. The attorneys, together with Mr. Goodlett, as guardian, moved the court to reinstate the cause on the docket, tending various affidavits and letters in support of their motion. The court overruled their motion. The record shows, that thereupon the guardian and Bate & Williams, attorneys, tendered their bill of exceptions to the judgment of the court disallowing the motion to reinstate the case on the docket, and to be permitted to prosecute the suit, etc., which was done.

In the entry of the judgment is found the prayer for an appeal by C. H. Goodlett, guardian, which is granted on the usual terms. This is the only appeal prayed or granted. The only bond given for appeal is by this guardian, reciting the fact that he had appealed from the judgment mentioned.

It is too clear, for discussion, that the only party before us on this state of facts, is the guardian. So far as the attorneys are concerned, they have not appealed, and if they had, they had no legal right to control the disposition of the case, contrary to the will of their client. She had the right, as we have repeatedly held, to dismiss or compromise her suit independent of their wishes, and this right was beyond their control. The only question presented is, whether the guardian who has appealed, had the right to have the suit reinstated?

By the original act (Code, sec. 2292), giving the right to sue in cases of this kind, the suit was to be brought by the personal representative, but if he de-

clined the widow and children might, without his consent, use his name in bringing the suit.

By the act of 1871, ch. 46, this was amended so that the right should pass to his widow, and in case of no widow, to his children, or to his personal representative for the benefit of the widow or next of kin.

By second section it was provided the widow might sue, and if no widow, the children might prosecute the suit.

It is clear that the widow was allowed to proceed with this suit under these sections, and it is equally clear that in case there is a widow, the children have no right to sue at all, and the right of the children only accrues when there is no widow.

This being so, the widow had the sole control and responsibility for the suit, and might dismiss or prosecute it as she pleased, and no one could control her action in this respect. So this court held in the case of *Greenlee* v. *Railroad Company*, 5 Lea, 418. In that case the motion to dismiss the suit was resisted by some of the children, but it was ruled that the widow might dismiss the suit against or without the consent of the children, and it was said, "she could bring the suit or not at her option, and might control the suit by compromise, abandonment, prosecution or dismissal."

The child nor guardian having any right to control this suit, and there being no appeal by any one else, there is no error in the judgment of the court and the same is affirmed with costs.