FOR THE

# MIDDLE DIVISION.

---

NASHVILLE, DECEMBER TERM, 1892.

---

## HOLDER *v.* RAILROAD.

(*Nashville.* December 10, 1892.)

WIDOW. *May compromise and receive damages for husband's wrongful killing.*

A widow whose husband has been killed by another's wrongful act, may compromise and settle the statutory right of action for damages that survives to her for the benefit of herself and the husband's next of kin, either before or after she has brought suit thereon. She may likewise receive and receipt for the entire damages, and, upon payment to herself of the amount agreed upon, she may discharge the wrong-doer from all further liability, either to herself or the husband's next of kin.

Code construed: §§3130–3132 (M. & V.); §§2291, 2292 (T. & S.).

Cases cited and approved: Greenlee v. Railroad, 5 Lea, 418; Stephens v. Railroad, 10 Lea, 448; Webb v. Railroad, 88 Tenn., 119; Railroad v. Lilly, 90 Tenn., 563; Railroad v. Pitt, 91 Tenn., 86; Railroad v. Acuff, *ante*, p. 26.

## FROM FRANKLIN.

Appeal from Chancery Court of Franklin County. T. M. McConnell, Ch.

Estill & Alexander for Holder.

Granbery & Marks, East & Fogg, and J. D. B. DeBow for Railroad.

Caldwell, J. This cause comes up on bill and demurrer.

Complainants allege that W. E. Holder, while in the employment of the Nashville, Chattanooga & St. Louis Railroad Company as an operative on one of its trains, was killed by and through the negligence of said company; that he left surviving him a widow and five children; that, before the filing of the bill, the widow, for the sum of $1,250, compromised and settled the statutory cause of action accruing to her and the children against said railroad company, for the wrongful killing of the husband and father; that the railroad company

had paid the whole of. said $1,250 to the widow, and no part thereof to the children.

Upon the facts thus alleged, complainants further allege, as matter of law, that the widow and children of W. E. Holder were entitled to equal shares of the $1,250, one-sixth each; that the widow was not authorized to receive any part of that sum except her one-sixth; that. the railroad company is liable to the children for their respective shares of the $1,250, notwithstanding its payment of the whole sum to the widow.

The bill is filed in the name of the children, by next friend, against the railroad company and the widow; and a recovery is sought against the railway company, in the first instance, for five-sixths of $1,250.

The railroad company demurs to the bill, and for cause of demurrer says, in substance, that the widow had full legal power to control the right of action, and that, having such power, she also had the power to receive the full sum of $1,250 for the parties entitled, and that the payment to her was, therefore, a full satisfaction of its liability.

The demurrer was sustained, and the bill dismissed as to the railroad company. Complainants appealed.

At the common law, the widow and children of W. E. Holder would have had no right of action against the railroad company for wrongfully taking his life. The right of action which he had for the injuries negligently inflicted upon his person,

would have been extinguished by his death, but for our statute, which keeps it alive, and provides that it "shall pass to his widow, and, in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin." Code (M. & V.), § 3130; *Railway Company* v. *Lilly*, 90 Tenn., 563; *Railroad Company* v. *Pitt,* 91 Tenn., 86.

The action may be instituted by the widow, or by the children, if there be no widow, or by the personal representative. The widow has the first right of suit; and the words of the statute which confer upon her the primary right to sue, have been held to give her the power to compromise her suit, over the objection of the children, and without let or hinderance from any one. Code, §§ 3150, 3131, and 3132; *Greenlee* v. *Railway Company*, 5 Lea, 418; *Stephens* v. *Railway Company*, 10 Lea, 448; *Webb.* v. *Railway Company*, 88 Tenn., 119; *Railway Company* v. *Acuff, ante,* p. 26 (20 S. W. R., —).

The last-named case, though holding that the widow has no power to compromise *the suit of the personal representative,* distinctly recognizes her right to compromise *her own suit.*

Having full power to compromise her pending suit, as adjudged in the Greenlee and Stephens cases just cited, the widow, for the same reason, has power to compromise the whole right of action before suit is brought, as is alleged to have been done in the case at bar. If she may compromise

her suit after it is brought, she may compromise the right of action before suit is brought. This is too manifest to admit of elaboration.

Complainants concede, on the face of their bill and by the argument of their counsel, that Mrs. Holder had ample power to make the compromise mentioned in the bill, and that it is binding on all parties concerned. They distinctly recognize the validity of that compromise, and seek to enforce their rights under it; but they contend that her power to represent the children in the matter ceased when an agreement had been reached as to the amount to be paid by the railroad company— that she had no power to receive their part of the money, and that the payment to her was, therefore, inoperative as to them.

We find no such limitation of her power in the statute.

To our minds it is clear, under the facts alleged in the bill and the authorities herein cited, that Mrs. Holder had the legal right to receive, for those entitled, the whole of the $1,250, and that its payment to her was a complete satisfaction of all demands against the railroad company. The power to compromise the statutory right of action for all persons concerned carried with it, as a necessary consequence, a right on her part to receive for them the whole sum stipulated in the compromise. If the fact that the statute confers upon the widow the first right to sue, authorizes her to fix, by agreement, the aggregate amount to be paid by

10—8 P

the wrong-doer to her and the children, it also authorizes her to receive that amount for herself and them. Her *bona fide* compromise binds the children, and her *bona fide* receipt of the money paid under the compromise, likewise, and for the same reason, binds them. In the one instance, as in the other, the widow's priority of right to sue justifies her representation of all the beneficiaries, herself and her children.

It is said that to allow the widow to receive the whole of the compromise money is to endanger the interests of the children therein. That may be true; yet we think the statute capable of no other reasonable construction.

The right of the widow to receive the money after compromise is no more perilous to the children than her right to make the compromise agreement in the first instance. If in either respect the Legislature has not sufficiently guarded the interests of the children, or has conferred too much power on the widow, the defect is curable by legislative amendment, not by judicial construction.

What the relative and respective interests of the widow and children in the $1,250 are cannot properly be determined in the present aspect of this case. The claim of the children, in their bill, that each of them is entitled to an equal share with the widow is not put in issue by the demurrer; and, besides, the question is one in which the railroad company has no interest.

Affirm, with costs.