179    531
f 203    515

179    531
41SC 166
41SC 167

# Mary A. Allison and William H. Powers *v.* Jennie A. Powers, Appellant.

*Negligence—Damages—Widow and children—Acts of April 15, 1851, and April 26, 1855.*

Under the acts of April 15, 1851, P. L. 674, and April 26, 1855, P. L. 309, where a widow recovers damages for the death of her husband, children of the deceased are entitled to a share of the amount recovered as in case of intestacy.

Argued Nov. 6, 1896. Appeal, No. 181, Oct. T., 1896, by defendant, from decree of C. P. No. 1, Allegheny Co., June. T., 1896, No. 92, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account.

The facts appear by the opinion of SLAGLE, J. which was as follows:

### FINDING OF FACTS.

This bill was filed by plaintiffs, praying that the defendant be declared to be a trustee of a certain fund received by her, and directed to file an account of the money so received. The cause was heard on bill, answer and replication, and testimony taken. Upon the pleadings and evidence, the facts are found as follows:

1. On the 16th day of August, 1889, William J. Powers died from an accident on the line of the Western Pennsylvania Railroad, upon which he was traveling as a passenger.

2. He left surviving him his widow, Jennie A. Powers, the defendant, and five children, Mary A. and William H., the plaintiffs, and Frank T., Ida M. and Clara M. Mary A. and William H. are children of a former wife, and the others, children of the defendant.

3. At the time of William J. Powers' death, Mary A. Powers was over twenty-one years of age, having become of age on the 24th day of January, 1888. She was at that time a member of her father's family, and so continued until her marriage on August 19, 1891. She had for some time been engaged as clerk in a store, receiving wages, a portion of which she gave to her father, and after his death to the defendant.

532    ALLISON et al. *v.* POWERS, Appellant.

4. Wm. H. Powers was at the time of his father's death a minor, having arrived at the age of twenty-one on the 5th day of July, 1890. He was also at that time engaged at work, receiving wages, and had been for some time previous. He was also a member of his father's family, and remained with his step-mother until October 2, 1895. He had given his wages to his father during his life, and to his step-mother until about June 15, 1890, when he quit work, and says he was unable to get a position.

5. On the 22d day of November, 1889, Jennie A. Powers, the defendant, commenced an action against the Pennsylvania Railroad Company, at No. 701, December term, 1889, in this court, to recover damages for the death of Wm. J. Powers, which she alleged to have been caused by the negligence of that company. The action was in her own name, but the statement contains a clause as follows: "That said plaintiff and family, consisting of Wm. H. Powers, Frank T. Powers, Ida M. Powers and Clara M. Powers and Mary A. Powers, wife and children of said William J. Powers, deceased, are deprived of the support as aforesaid," etc. Whereupon she, the said plaintiff, says that "by reason of the negligence of the defendant aforesaid she and the said minor children of said William J. Powers, deceased, have sustained damages to the extent of $50,000, and are entitled to recover said sum from the defendant; and therefore, in her own behalf and on behalf of her said children, she brings suit."

6. On the 10th day of February, 1891, the defendant received from the Pennsylvania Railroad Company the sum of $8,000 in compromise of this claim, and executed a release of all claims and demands of herself and children, which she signed and sealed in her own name and as " Trustee for William H., Frank T., Ida M., Clara M. and Mary A. Powers, minor children of. William J. Powers, deceased."

7. Of this amount she paid to her attorneys $600.

8. The defendant supported William H. Powers until October 2, 1895, as a member of the family.

OPINION OF THE COURT.

The only question of law arising out of the facts of this case is, whether the money recovered by the widow for the death of

her husband may be retained by her for the use of herself and family, or is to be distributed among herself and children under the intestate laws. At common law no right of action existed in such a case. In this state it was provided by the act of April 15, 1851, P. L. 674, Purd. Dig. 1603, pl. 3, and the act of April 26, 1855, P. L. 309, Purd. Dig. 1603, pl. 4 and 5.

Counsel for defendant contend that "The proper interpretation of these acts is, that the husband has a right of action for the death of his wife; that the widow has a right of action for the death of her husband; and in neither case is there to be a division with children or parents under the intestate laws, and that a division is only required in the case of recovery by children or parents."

We would be disposed to adopt this view of the law if it were not for several opinions of the Supreme Court which are in direct conflict with it, and by which we feel bound.

In Huntingdon & Broad Top Railroad Company v. Decker, 84 Pa. 419, the court, referring to the act of 1855, says: "Instead of confining the right of action to the widow and personal representatives, it designates four separate parties, to one of whom, according to the circumstances of each case, the right of action is given. If the deceased leaves a husband, he alone is clothed with the right of action; if the wife is the survivor, she is entitled to bring suit; if there be neither surviving husband nor widow, the right of action is given to the children; and if there be neither husband nor widow nor children surviving, it is given to the parents of the deceased. But while the right of action is given, according to the circumstances of each case, to one of the four designated parties, it is clear from the wording of the acts that the entire sum recovered is not always to be retained by the plaintiff in his or her own right. It is to be distributed among the relatives named in the proportion they would be entitled to take the personal property of the deceased in case of intestacy, and to the end that it may appear who are entitled to participate in the damages recovered it is required that the declaration shall state who they are. In the present case the widow has the right of action, not exclusively for her own use, but for the joint use and benefit of herself and children."

In the case of Boro. of South Easton v. Reinhart, 13 W. N.

C: 389, it is said : "The widow had the right of action, not exclusively for herself or for her own use, but for the joint use of herself and minor children."

In Lehigh Iron Co. v. Rupp, 100 Pa. 95, it was decided that parents have not a joint interest with a childless widow, but the court said : " When a husband or wife recovers damages, and there are children of the deceased, the provision of the statute of distribution under the intestate laws applies, and strictly accords with the main object of the statute, which is a remedy for the loss to the family."

These cases settle the question, that the recovery by the widow is "for the *joint* use of herself and children." But it is further contended that she has the right to retain the money for the support of herself and family. But this question also appears to be settled against the contention of defendant by these cases, as it is distinctly stated that " It is to be distributed among the relatives named, in the proportion they would be entitled to take the personal property of the deceased in case of intestacy." And this is the only logical conclusion, as the joint interest can only be deduced from that clause of the act of assembly which directs that it shall be so distributed. It is also in accord with other decisions of the Supreme Court, which hold that the rights of children do not depend on the continuance of the family relation, and the courts cannot inquire into the question whether one child is injured more or less than another.

In the case of the North R. R. R. Company v. Robinson, 44 Pa. 175, it was held that " An action against a railroad company for negligence in causing the death of a father is properly brought in the name of all the children ; the recovery is for the benefit of all; the amount to be distributed as in case of intestacy." In this case only one of the four children was dependent upon the father ; she was a widow, and resided with him. The other three children were grown up, lived separately from their father, and derived no part of their support from him at the time of his death. In answer to the argument that only those who could show an actual damage were entitled to recover, the court says : " If such were to be the rule, we should have the indecent spectacle of an investigation whether the loss of a parent or child was or was not in fact an advantage rather than a loss," etc.

In Schnatz v. Phila. & R. R. R. Company, 160 Pa. 602, the court says: "The act itself makes no distinction between children over age and those under, between those married or single, between those having homes and families of their own and those still members of the parents' household."

In view of these decisions and opinions, we find as matter of law that the plaintiffs, Mary A. Allison and Wm. H. Powers, have an interest in the money recovered by the defendant, Jennie A. Powers, and that the same is distributable to them respectively in the proportion they would take the personal property of their father, Wm. J. Powers, under the intestate laws of this commonwealth. A decree will therefore be entered declaring her to be a trustee of said fund and directing her to state an account of the same. This view of the case makes it unnecessary to consider the effect of the form of action and release.

There was some evidence offered at the hearing appropriate to an account, but we think the better practice is to first dispose of the question of liability to account when that is in dispute, and if any dispute arises as to the account itself, dispose of it in a subsequent hearing. In this case the testimony is scarcely sufficient for an intelligent statement of account.

### DECREE.

And now, August 3, 1896, this cause came on to be heard on bill, answer, replication and testimony taken, and thereupon, after argument by counsel, upon consideration thereof, Jennie A. Powers, the defendant, is adjudged and decreed a trustee, for Mary Allison, (formerly Mary A. Powers,) and William H. Powers, plaintiffs above named, of such share of the money recovered by her from the Pennsylvania Railroad Company, at No. 701, December term, 1889, of this court, as is due to them, respectively, under the intestate laws of the state of Pennsylvania, as children and heirs at law of William J. Powers, deceased, and it is further ordered that Jennie A. Powers file in this case an account of all moneys, so recovered by her, within ten days from the date of this decree; subject to a decree of distribution by the court.

On August 13, 1896, Jennie A. Powers filed an account.

On August 20, 1896, Mary A. Allison filed exceptions to the account.

### FINAL DECREE.

And now, to wit, September 16, 1896, this cause came on to be heard on an account filed by the defendant, Jennie A. Powers, and exceptions filed thereto by Mary A. Allison, one of the plaintiffs, after argument of counsel, and upon consideration thereof, it is ordered and decreed that the said Jennie A. Powers pay forthwith to the said Mary A. Allison the sum of one thousand two hundred and fifty-one dollars and thirty-four cents, liquidated as follows:

| | |
|---|---:|
| One fifth of two thirds of $7,400 being . . | $986.66 |
| Less five per cent commission . . . | 49.33 |
| | 937.33 |
| Interest thereon from February 12, 1892, to date | 314.01 |
| Total . . . . . . | $1,251.34 |

It is further ordered and decreed that said Jennie A. Powers be and hereby is allowed credit for the several amounts charged in her account against the interest of William H. Powers as payment in full to him for the same, and the bill be dismissed as to him. And that said Jennie A. Powers pay the costs of this suit.

And now, to wit, September 22, 1896, it appearing to the court that an error was made in the calculation of interest on the amount of the within decree, it is therefore on motion of both counsel for plaintiff and defendant, ordered that said decree be and hereby is amended as to the amount thereof as follows:

| | |
|---|---:|
| Amount due Mary A. Allison . . . | $937.33 |
| Interest from February 12, 1892, to September 16, 1896 . . . . . . | 258.38 |
| Total . . . . . . | $1,195.71 |

*Errors assigned* among others were (3, 4) interlocutory and final decrees as above, quoting them.

*Levi Bird Duff*, with him *James M. Cook*, for appellant.— Assuming the act of 1851 to be repealed, and looking at the case under the act of 1855, the only question is whether the sum recovered by a widow as damages for the death of her

husband by negligence must be distributed to herself and children under the intestate law. A very material question is to what persons does the word " them " in the second clause of the act refer? " The sum recovered shall go to ' them ' in the proportion," etc. If the word " them " refers to all of the persons named in the clause, " husband, widow, children or parents," then children are entitled to share in the sum recovered by the husband (their father), and in the sum recovered by the widow (their mother), and in default of children, parents are entitled to share in the sum recovered by the widow. The first part of the sentence being in the disjunctive, and containing nouns, both singular and plural, and the pronoun " them " being plural, it agrees grammatically only with the plural nouns. The grammatical interpretation of a statute is the proper interpretation, unless the subject-matter or context requires a different interpretation : Dwarris on Statutes, 196. There is no such requirement here.

Interpreting the statute grammatically, the division under the intestate laws would take place only in case of recovery by children or parents : R. R. v. Zebe, 33 Pa. 318 ; Books v. Danville, 95 Pa. 158.

In actions by the husband it is not the practice to name the children in the declaration :. Railroad v. Jones, 128 Pa. 308. But until recently in actions by the widow it was the practic , to name the children in the declarations as parties entitled to share in the sum recovered : Railroad v. Decker, 84 Pa. 425. Now, however, it is error to join the children as parties : Easton v. Reinhart, 13 W. N. C. 389 ; R. R. v. Conway, 112 Pa. 511.

It is held in Lehigh Iron Co. v. Rupp, 100 Pa. 95, that where a husband leaves a widow, but no children, and a father, that the father is not entitled to share with the widow in the sum recovered.

The cases relied on by the lower court are : Railroad v. Decker, 84 Pa. 419 ; Easton v. Reinhart, 13 W. N. C. 389 ; Lehigh Iron Co. v. Rupp, 100 Pa. 95. We think he has misinterpreted these cases. Railroad v. Decker decided only that the action was well brought in the name of the widow ; the remarks of the court on the general construction of the acts were outside of the case and are not binding authority. These remarks were repeated in Boro. v. Reinhart and in Lehigh Iron Co. v. Rupp,

and in other cases, but in none of them, was the question of distribution between the widow and children raised, and hence it was not decided.

*Lewis McMullen*, for appellee, was not heard, but argued in his printed brief.—The contention that where the husband or widow recover damages for the death of one or the other and the children of the deceased, the sum so recovered should not be distributed to them in the proportion they would take in case of intestacy, is contrary to the plain reading of the act of assembly and all authority construing it: Lehigh Iron Co. v. Rupp, 100 Pa. 95; North P. R. R. v. Robinson, 44 Pa. 175; Schnatz v. Phila. & R. R. R. Co., 190 Pa. 602.

While the act of assembly gives the widow the right of action, yet the entire sum recovered is not to be retained by her in her own right: South Easton Borough v. Reinhart, 13 W. N. C. 389; Huntingdon & Broadtop R. R. v. Decker, 84 Pa. 419.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 4, 1897:

The facts of this case and the legal conclusions drawn therefrom are so clearly presented in the learned trial judge's statement that extended reference to either is quite unnecessary.

The first and second specifications may be dismissed with the remark that there is no error either in finding the facts recited in the former, or in not finding as complained of in the latter. The court's findings must therefore be accepted as the established facts. The controlling question presented thereby is, whether the money recovered from the Pennsylvania Railroad Company by the defendant, as widow of William J. Powers, for the death of the latter, may be retained by her for the use of herself and family, or must be distributed among herself and the children of her deceased husband under the intestate laws? This question was rightly resolved in favor of the plaintiffs by holding that they are interested in the money recovered by their stepmother, and that the same is distributable to them respectively in the proportion they would take the personal property of their deceased father under the intestate laws of this commonwealth. This ruling is in strict accord with the letter as well as the spirit of the acts of April 15, 1851, and April 26, 1855, and in harmony with several decisions of this court,

among which are, Railroad Co. v. Decker, 84 Pa. 419, Boro. of
South Easton v. Reinhart, 13 W. N. C. 389, Lehigh Iron Co.
v. Rupp, 100 Pa. 95; Railroad Co. v. Robinson, 44 Pa. 175,
Schnatz v. Railroad Co., 160 Pa. 602.

A decree was accordingly entered declaring the defendant
a trustee of the fund collected as aforesaid, and directing her
to file an account of the same. On the coming in of that ac-
count, a final distribution, as to the respective interests of the
plaintiffs in the fund, was entered; and thereupon this appeal
was taken.

The question involved in the interlocutory as well as the
final decree, has been so ably and satisfactorily discussed and
disposed of by the learned trial judge that nothing need be
added to what has been said in his opinion sent up with the
record. On that opinion the decree is affirmed and the appeal
dismissed, with costs, to be paid by the appellant.