# Shambach, Appellant, *v.* Middlecreek Electric Company.

*Negligence—Death—Widow—Compromise of suit by widow—Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309.*

A widow with minor children, who has brought an action in her own name for the benefit of herself and her children who are named in the statement of claim, has a right to compromise and settle the case for a valuable consideration when she does so in good faith, and is not overreached or defrauded, and this she may do without consent of a guardian of the children.  After such a settlement the children have no standing further to prosecute the suit.

Argued Oct. 17, 1910.   Appeal, No. 23, March T., 1910, by plaintiff, from judgment of C. P. Snyder Co., Oct. T., 1907, No. 59, for defendant non obstante veredicto in case of Ida Shambach v. Middlecreek Electric Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before McCLURE, P. J.

The case turned on the question whether the widow had the right to settle the suit.

At the trial the jury returned a verdict for plaintiff for $1,320.80.

On a motion for defendant non obstante veredicto Mc-CLURE, P. J., filed an opinion the material portion of which was as follows:

Another question embraced in the reservation is, Did the release executed by the plaintiff, the widow of Shambach, bar the children's right to recover damages caused by the death of their father?  While one of the objections to the admission of the release in evidence was that it did not pretend to release the rights of the children to damages, it was not dwelt upon at the argument, and the case was

rested upon the want of power in the widow to compromise the claims of the children and release their rights.

Counsel for plaintiff's position is, that where widow and children survive, the right of the children to sue for and recover the pecuniary value of their father's life is vested property right, precisely defined by the act of 1855, as real and substantial as the right of the widow to recover the value of the life of her husband; and, although required to be ascertained in a single action, the rights of the one are not superior to those of the other, but are wholly independent of each other. Hence, the widow is without power to waive or destroy the children's rights without their consent.

The fallacy of this argument lies in the assumption that the children have a right to sue for and recover the pecuniary value of their father's life. They have no such right, where, as here, a widow survives. By the express terms of the act of 1851, the widow, and the widow alone, is empowered to bring suit, and the object of the act of 1855 was not to take away her right of action; on the contrary, it recognizes her right and provides how the damages are to be distributed: Huntingdon & Broad Top Railroad Co. v. Decker, 84 Pa. 419. And on ample authority a demurrer was sustained to the statement in an action by the children, where the deceased left a widow and children surviving: Snyder v. Railway Co., 9 Pa. Dist. Rep. 3. The court said, "The children have no right of action except that by the mother for her benefit and theirs." There has been a confusion of the legal and equitable rights of the children. Undoubtedly they have an equitable right or title to their shares of the damages recovered by the widow, who, if not recognizing their rights, will be declared a trustee of the fund upon application to a court of equity having jurisdiction of the parties. This was the remedy adopted in Allison v. Powers, 179 Pa. 531, and it was approved in Lewis v. Turnpike Co., 203 Pa. 511.

The widow is not a mere figurehead like the commonwealth in an action on an official bond, exercising no

powers or discretion in the management and conduct of the action. She is not only the legal plaintiff, but is an equitable plaintiff and trustee of the children's interests as well, with irksome duties to perform and with grave responsibilities resting upon her. The trust is an active one. She presents the claim, employs counsel and pays, or contracts to pay them for conducting the litigation; subpoenas and pays the witnesses, attends the trial and decides whether to abide by the verdict and judgment, or to appeal to a higher court. She is the only person whom the defendant meets as an adversary from the beginning of the litigation to its end. Why then may he not go to her as he would to any other trustee, purchase his peace and take her acquittance for the damages sustained? She is the only party to the record, and she alone can satisfy the judgment. How could she be asked or compelled to enter satisfaction upon the record of a judgment standing in her name if part of the money was paid to another as trustee or guardian of the minor children? The judgment under our statute is a writ in favor of the plaintiff as it is in every action brought by a trustee, and not, as it is under the Texas statute, and others copied from it, in favor of each beneficiary in the proportions determined by the verdict of the jury.

If the rights of the children are entirely independent of the widow, as argued, then she is without power to employ counsel to prosecute their claims or to bind them by a divisional or other contract for fees. Conclusions which are not in accordance with the common understanding of the profession, and which we apprehend would not meet with the hearty approval of those of its members who are specializing for personal injury cases.

The Tennessee statute provides that the right of action for injuries negligently inflicted upon a man's person "shall pass to his widow, and in case there is no widow, to his children, or to his personal representatives for the benefit of his widow or next of kin." The supreme court of that state has held that the widow has the first right of suit,

and the power to compromise her suit brought for the benefit of herself and children over the objection of the children and without let or hindrance from anyone: Greenlee v. Railroad Co., 73 Tenn. 418; Stephens v. Ry. Co., 78 Tenn. 448; Webb v. Railway Co., 88 Tenn. 119 (12 S. W. Repr. 428). And in Holder v. Railroad, 92 Tenn. 141 (20 S. W. Repr. 537), it was held that the widow could compromise the right of action before suit brought, and a demurrer to the bill filed by the children, in which it was sought to hold the railroad company accountable for their shares of the money paid the widow in compromise of the right of action, was sustained.

In Rhode Island where an action was brought by the widow for herself and children to recover damages caused by the death of her husband, a release given by her as executrix was held to be a bar, because the right of action was by the law of that state in her as executrix. If suit was brought upon the claim it was her suit, and she might discontinue, compromise or settle it at her pleasure, and having such power she also had the power to compromise the claim without bringing suit: Parker v. Providence, etc., S. Co., 17 R. I., 376 (22 Atl. Repr. 284).

In Foot v. Great Northern Ry. Co., 81 Minn. 493 (84 N. W. Repr. 342), the same question arose, viz.: whether a compromise and settlement with release of damages made by the widow, who was the administratrix of her deceased husband's estate, barred the right of the children to recover damages for the loss of their father. By the statute of Minnesota the right of action is given to the personal representative of the deceased, for the exclusive benefit of the widow and next of kin. The contention there was that the settlement and compromise was made without the consent or knowledge of the children who were of age, and as it is here, without the consent or knowledge of the court, having care over the rights of the minor children. The court said, "If the personal representative is the trustee of the parties to be benefited, for the purpose of commencing the suit, it must follow that he is their trustee

for all purposes in connection with the action." And it was held that the release of the administratrix was binding upon the children, and barred their right to recover.

In Natchez Cotton Mills Co. v. Mullins, 7 So. Repr. 542, the widow in whom the right of action is vested by the code of Mississippi, pending an appeal by the defendant, accepted a certain sum in satisfaction of the judgment. This compromise was held to be binding upon the infant children. The court said, "the widow alone had the right of action, and she had the right to accept satisfaction and discharge the defendant. Rev. Code Miss. 1880, sec. 1510. Her children must look to her and not to the defendant. A mother's love is a sufficient safeguard against improperly acquitting a defendant from liability, and the law in such cases as this has committed the interests of the children to the mother. To her is committed the right of action and she alone may control it.

So also in Toole v. Jones, 32 Pitts. L. J. 387, the court expressed the opinion that "The statute having invested the widow with the power to bring suit for herself and children, she could compromise and settle the claim without suit, when it is done fairly. In which case she would be accountable to the children for two-thirds of the amount received, just as though she had recovered at the end of a suit."

Much can be said on the other side of the question as to the inexpediency of allowing the widow to compromise the rights of the children, and there is respectable authority for the position that no such power is invested in her. Judge SIMONTON in Styles v. Penna. Steel Co., 2 Dauphin Co. Rep. 257, held that the widow could not discontinue an action brought for the use of herself and children without their consent. And the supreme court of Texas has decided that the widow had no power under the statute of that state to compromise or release the rights of her minor children. Under a similar statute of the territory of Arizona, it was held that the widow could not remit any portion of a verdict in favor of the other beneficiaries: South-

ern Pacific Co. v. Tomlinson, 163 U. S. 369 (16 Sup. Ct. Repr. 1171). But under these statutes, as we have said, there is a specific finding by the jury in favor of each beneficiary, and not as with us a general verdict for the plaintiff.

That injustice may sometimes be done the children through mistake in accepting in compromise a smaller sum of money than could be recovered from the defendant, or by the appropriation of the entire fund by the widow to her own use, is no doubt true, but those are perils common to all trusts, and the interests of children could not, as a rule, be committed to a more careful and faithful trustee than their mother. If, as claimed, it is fraught with evil and liable to abuse, the remedy is in the legislature, not in the courts.

And now, to wit, November 15, 1909, judgment is directed to be entered for the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Grant Herring*, with him *F. S. Wagenseller*, for appellant.—A widow cannot, under the Act of April 26, 1855, P. L. 309, compromise and release the rights of children, without their knowledge or consent after suit brought: Lewis v. Turnpike Co., 203 Pa. 511; Lehigh Iron Co. v. Rupp, 100 Pa. 95; Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Lewis v. Turnpike Co., 203 Pa. 511; Stahler v. Reading Ry. Co., 199 Pa. 383; Styles v. Steel Co., 2 Dauphin Co. Rep. 257; McClaughry v. McClaughry, 121 Pa. 477; Bentley v. Reading, 22 W. N. C. 60; Eastman v. Wright, 23 Mass. 316; Brazier v. Tarver, 4 Ala. 569; Peterson v. Lothrop, 34 Pa. 223; Mella v. Northern Steamship Co., 127 Fed. Repr. 416; Galveston, Harrisburg & San Antonio Railroad Co. v. LeGierse, 51 Texas, 189; Southern Pacific Co. v. Tomlinson, 163 U. S. 369; Burt v. McBain, 29 Mich. 261; Turner v. Patridge, 3 P. & W. 172; Kings-

bury v. Buckner, 134 U. S. 650 (10 Sup. Ct. Repr. 638); O'Donnell v. Broad, 2 Pa. Dist. Rep. 84; Toole v. Jones, 32 Pitts. L. J. 387; Bentley et al. v. Reading, 22 W. N. C. 60; Borough of So. Easton v. Reinhart, 13 W. N. C. 389.

*Clarence E. Sprout,* with him *John E. Cupp,* and *Charles P. Ulrich,* for appellee.—Under the acts the widow is the required and absolutely essential plaintiff, when living, and upon her devolves the duty of prosecuting or settling the action: Marsh v. R. R. Co., 204 Pa. 229; Allison v. Powers, 179 Pa. 531; Lewis v. Turnpike Co., 203 Pa. 511.

While the question raised in this case, as was stated in the preceding part of this argument, has never been passed upon by the appellate courts of this state, yet questions of like import have been passed upon by the appellate courts of other states, in considering statutes worded practically as the Pennsylvania statutes are worded: Foot v. Great Northern Ry. Co., 81 Minn. 493 (84 N. W. Repr. 342); Parker v. Providence, etc., S. S. Co., 17 R. I. 376 (22 Atl. Repr. 284); Holder v. R. R. Co., 92 Tenn. 141 (20 S. W. Repr. 537).

Opinion by Morrison, J., March 3, 1911:

This is an action of trespass based on the death of Henry Shambach, caused, as alleged, by the negligence of the defendant. The verdict of the jury has settled the question of the defendant's negligence and the lack of contributory negligence by the deceased, and these questions are not raised in this appeal.

The deceased was survived by his widow, Ida Shambach, and nine children, named in the declaration, all, or nearly all, of them minors. By the Act of April 15, 1851, P. L. 669 (see sec. 19, p. 674), an action is given for the death of a person when caused by unlawful violence or negligence; and by the Act of April 26, 1855, P. L. 309, the persons entitled to recover are the husband, widow, children or parents of the deceased, the sum recovered going to them in the proportion they would take the per-

sonal estate of the deceased in the case of his or her intestacy. These acts determine the right to recover, which does not exist at common law and has no existence outside of them. It has been decided that these acts are in pari materia. And it is conclusively established by a line of decisions of our Supreme Court that when there is a husband or widow, children are not only not necessary, but not even proper parties, but it is necessary to name them in the declaration: Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Haughey v. Pittsburg Rys. Co., No. 2, 210 Pa. 367; Black v. B. & O. R. R. Co., 224 Pa. 519. The right of action cannot be assigned by the widow to a child, so as to enable suit to be brought in her name for its benefit: Marsh v. Western New York & Penna. R. R. Co., 204 Pa. 229, and by the plain terms of the act of 1855 the children cannot bring suit for themselves in their own names while the widow is living.

In the present case, after the widow had brought the action to recover damages for herself and the nine children of the deceased, and had named the latter in the declaration, as required by the act of 1855, she, on December 10, 1907, in consideration of $750 paid to her by the defendant, executed and delivered, under her hand and seal, a release and discharge of the defendant from all claims and demands of any kind for or by reason of, or in any way growing out of the accident, or death of said Henry Shambach. Thereafter it was sought at the trial of the case to recover, notwithstanding this release, the proportion of the damages claimed by the children, to wit, two-thirds of such sum as might be allowed by the jury. It is conceded that the widow favored such recovery. The defendant's counsel offered said release in evidence and claimed that it ended the suit; in substance, that the widow having the statutory right to bring and carry on the suit, and recover the damages allowed by the court and jury, necessarily had the right to compromise and settle the suit for a good and valuable consideration. The trial judge admitted the release in evidence, notwith-

standing the objection of plaintiff's counsel, and noted an exception and sealed a bill for plaintiff, reserving the question of the effect of the release, and submitted the case to the jury, and the result was a verdict in favor of plaintiff for $1,320.80 for the use of the children. Thereupon defendant's counsel moved the court for judgment non obstante veredicto, and upon argument and consideration, the court subsequently granted such judgment for the defendant. To this judgment the plaintiff excepted and the court sealed a bill of exceptions as required by the Act of April 22, 1905, P. L. 286.

We do not understand that any question is raised as to the sufficiency of the release to end the case, provided, the widow, plaintiff, had the power to compromise the claims of the children and release their rights. It thus appears that the single question now raised for decision is, Was the court right in holding that the widow, plaintiff, had the power to compromise and settle the case without the consent of a guardian of the minor children, and without the approval of the court whose wards the said minors were? It is conceded that this exact question has not been decided by either of the appellate courts of this state. At the argument and on first consideration of this question we were inclined to think the court erred in granting judgment for the defendant non obstante veredicto. But on more careful consideration of the acts of assembly, the authorities, the opinion of the court, and the arguments of the able counsel representing both sides of the case, we are forced to the conclusion that the judgment is right. It having authoritatively been decided in many cases by our Supreme Court that the widow is the proper party to sue in her own name and carry the suit to judgment and collection, it is difficult to see why she may not compromise and settle the case for a valuable consideration when she is not overreached or defrauded.

The able counsel for plaintiff cites and relies with much apparent confidence on the following cited and other cases: Lewis v. Turnpike Co., 203 Pa. 511, where Mr.

Justice MITCHELL said: "The act first gives the right of action and then prescribes the mode of distribution of the sum recovered, but that necessarily means distribution among those entitled to sue. It would be absurd to suppose that in the same sentence the statute meant to give part of the damages to those to whom it had denied the right of action." We think the counsel draws an erroneous conclusion from this language. It refers mainly to the question of distribution and what is said about the right to sue refers to these who under certain conditions have that right. If the widow be dead, the children have a right to sue. A portion of the damages belongs to them and they are interested in the distribution. But the language of Mr. Justice MITCHELL does not mean that the children are parties to the suit of the widow except that they are to be named in the declaration for the purpose of distribution.

We also think the language of Mr. Justice STERRETT, in Birch et al., v. Ry. Co., 165 Pa. 339, does not bear the construction put upon it by plaintiff's counsel. Counsel argues from that authority that even where the widow survives, the children have the right to maintain an action. This view is in conflict with the act of 1855 and with the adjudicated cases thereon. The children do not have the right to sue and carry on an action while the widow is alive. Counsel also cites Lehigh Iron Co. v. Rupp, 100 Pa. 95, but we do not think that case sustains plaintiff's contention. On page 99, Mr. Justice TRUNKEY, speaking for the Supreme Court, said: "When a husband or wife recovers damages, and there are children of the deceased, the provisions of the statute for distribution under the intestate law applies, and strictly accords with the main object of the statute, which is a remedy for the loss to the family." That case concedes that the suit is to be brought and carried on by the husband or wife but that the children are interested in the distribution, and it does not sustain the proposition that the children are necessary parties to the action. The learned counsel also cite a

number of cases where the widow and children were joined as plaintiffs, but they must and do concede that the authoritative decisions of the Supreme Court are that the suit should be brought in the name of the widow while she survives. Counsel cite and urge upon our consideration a decision by the late Judge Simonton in Styles v. Steel Co., 2 Dauphin County, 257; 7 Del. County, 456. That case is not binding upon us although we entertain great respect for a decision of that able judge. The case is not well reported, but it seems to have been an attempt on the part of the widow to discontinue an action brought to recover damages caused by the death of the husband and father. What Judge Simonton really decided was that the widow could not discontinue the suit. It must be borne in mind that when an action is pending it is always within the discretion of the court whether or not the plaintiff shall be allowed to discontinue it. There may have been strong reasons why that case was not allowed to be discontinued. The widow might have been moved by improper motives. It must be and is conceded that the children have an equitable right or title to their shares of the damages recovered by the widow and if she does not recognize their rights, she will be declared a trustee of the fund upon a proper application to a court of equity having jurisdiction of the parties: Allison et al. v. Powers, 179 Pa. 531; Lewis v. Turnpike Co., 203 Pa. 511.

In support of the judgment of the court below we do not see that much can be added, with profit, to the lucid opinion of Judge McClure in support of his decision. In that opinion he refers to and cites a large number of cases from courts of other states arising under statutes more or less similar to ours. The great weight of those authorities in Tennessee, Rhode Island, Minnesota, Mississippi, etc., is in support of the conclusion that the widow in the present case had the power to make the compromise and settlement in question. As showing the view of another common pleas judge the case of Toole v. Jones, 32 Pitts. L. J. 387, is cited. In that case the

court said: "The statute having invested the widow with the power to bring suit for herself and children, she could compromise and settle the claim without suit when it is done fairly. In which case she would be accountable to the children for two-thirds of the amount received just as though she had recovered at the end of a suit. Much importance is attached by appellant's counsel to some cases decided by the supreme court of Texas and also cases under a similar statute of the territory of Arizona. These cases hold that the widow could not remit any portion of a verdict in favor of the beneficiaries: Southern Pacific Co. v. Tomlinson, 163 U. S. 369. The Texas cases holding that the widow had no power under the statute of that state to compromise or release the rights of her minor children. As we understand the statutes referred to, they require a specific finding by the jury in favor of each beneficiary, and that distinguishes them from our statutes which authorize a general verdict for the widow or husband plaintiff.

We have been referred to an interesting opinion by District Judge ARCHBALD in Paolo v. Laquin Lumber Company, in the circuit court of the United States for the middle district of Pennsylvania. That was an action to recover damages under our acts of 1851 and 1855 and we are much impressed with the reasoning of that able judge, and he reaches a conclusion, expressed as follows: "The right to compensation for the death of a person rises no higher than that of the one who is authorized to sue for it; and the right to sue being given by the statute to the widow who is living, no other is qualified. The children have no interest except in the damages which she recovers, and only after she has recovered them. There is no severable share which entitles either of them by himself, as here, to a direct and separate cause of action. It is true that in Toole v. Jones, 32 Pitts. Leg. Journ. 387, a suit was sustained in the name of the wife for the use of the children, after she had settled and released her individual damages, but if that is to be taken as opposed

to the views which are here expressed, it is contrary to what was decided in Marsh v. Western New York & Penna. R.. R. Co., 204 Pa. 229, and is therefore of no authority. In the Marsh case also, the widow refused to prosecute, which would seem to present as strong a ground for allowing the child to sue for itself, as where she herself is disqualified; and yet it was held insufficient to do so."

District Judge HAND in the circuit court of the United States for the southern district of New York, in the case of Conover v. Penna. R. R. Co., 176 Fed. Repr. 638, held as follows: "It is quite clear under the law of Pennsylvania that the widow alone is the person in whom the right of action is vested. [Citing several Pennsylvania authorities.] All the proceeds she holds in trust for herself and children; but there is no provision anywhere in the statute by which the interest of the children may be apportioned in the action, and the proceeds are to be turned over to her for distribution. I think that payment to her, or settlement with her, was an effective bar, just as it is in the case of any other trustee, and that the person who deals with her need not follow the application of the proceeds." The judge then refers to the case of Southern Pacific Co. v. Tomlinson, 163 U. S. 369, and points out why that decision does not apply under the Pennsylvania statutes. "In the first place they were all parties to the record, a procedure which was permitted by the statute. The widow was, therefore, in the position of trying to compromise the interests of other parties to the record than herself. In addition, as permitted by the statute, the jury had assessed separately the recoveries for each of the parties plaintiff, and it is obvious that the widow, being only one of the parties plaintiff, had no right to interfere with the rights of any other than herself. In view of the fact that the Pennsylvania courts do not admit the children as parties plaintiff at all, that case has no bearing upon the Pennsylvania statute."

It is argued with much earnestness that the view taken by the court below upholding the right of the widow to

compromise and settle the claim might result in the children losing their two-thirds of the recovery. This is true. But it is a legislative rather than a judicial question. Under the act of 1855, as construed by our Supreme Court, the children are not parties to the suit, but are only required to be named in the declaration for distributive purposes. It does seem that the statutes which allow the person who is only entitled to one-third of the recovery, to settle and adjust the claims of those entitled to the other two-thirds, is faulty, but this can only be remedied by the legislature.

Notwithstanding the very able and earnest argument and reargument of this case on the part of the counsel for the appellant, we are not convinced that the court below erred in entering judgment for the defendant non obstante veredicto.

The assignments of error are dismissed and the judgment is affirmed.

HENDERSON, ORLADY and BEAVER, JJ., dissent.