## Lehigh Iron Company *versus* Rupp.

1. Where a person whose death has been caused by negligence leaves him surviving a widow, but no children, and also parents, the right to recover damages is by the Act of April 26th 1855 (Pamph. L. 309) vested solely in the widow, and the parents are not entitled to any part of the damages which she may recover.

2. Where the death of a person is caused by negligence, the only damages recoverable are for the injury to the relative rights of the surviving members of the family, and are compensatory in their nature. Where, therefore, a child is free by age or emancipation, and lives apart from his parents, and in no way contributes to their support, his parents cannot maintain an action to recover damages for his death.

3. *Semble*, That even if a child be of full age, yet if the family relation exists in fact, and his parents have a reasonable expectation of pecuniary advantage from him, they can maintain such action.

4. In an action by the parents to recover damages for the death of a minor child, they can recover only the value of his services during minority, and in addition the expenses caused by the injury and death.

March 8th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of July Term 1881, No. 88.

Case, by Daniel Rupp against the Lehigh Iron Company, to recover damages for the death of his minor son, caused by the explosion of a boiler owned by the defendant.

On the trial, before ALBRIGHT, P. J., the material facts were shown to be as follows :—The defendant, as lessee of a mine, contracted with one Kieffer, to raise ore, the company to furnish machinery, boiler, &c. The evidence tended to show that the boiler, furnished by the company, was a second-hand one, and that the machinery was inadequate to the work required of it, by reason of which it was necessary to carry a higher pressure of steam than was safe. On a morning in July 1877, just be-

| 100 | 95 |
| 159 | 486 |
| 160 | 607 |
| 100 | 95 |
| 179 | 539 |
| 100 | 95 |
| f 203 | ¹513 |
| 203 | ¹515 |
| 100 | 95 |
| 28 SC | 395 |
| 100 | 95 |
| 41SC¹166 | |

fore work was begun, the boiler exploded, killing Llewellyn
Rupp, one of Kieffer's employees, and son of the plaintiff. He
was at the time nineteen and a half years of age. He married
a short time before the explosion, and went to live with his
wife, and did not thereafter contribute to the support of his
parents. The deceased left to survive him his wife, but no
children. His father and mother also survived him. His widow
brought suit for damages against the Lehigh Iron Company,
which suit was compromised and discontinued, without the
knowledge of Daniel Rupp, the father of the deceased, who
afterwards brought this suit, within one year from the date of
the accident.

The defendant presented, inter alia, this point:

2.  " Under the terms of this Act the parents of the deceased
have no right of action if the deceased left a widow to survive;
the right of action is exclusively in her if there are no children,
and in her and the children if there are any. *Answer.*—This
instruction is refused. The proposition is answered in the
charge."

In the charge the court said : " The defendant assumes
the position that the widow only was entitled to sue, and that
all the damages which were recoverable belong to her : that in
no event could the father or mother recover or receive any
damages for causing the death of their son. This position in
the opinion of the court is not well taken. The court hold
the law to be that the damages, which the company defendant
are liable for, if liable at all, would go to the widow and the
surviving father and mother in the proportion that these par-
ties would be entitled to take the personal estate of the deceased,
if he had left any, under the intestate laws, viz.: the one-half to
the widow and the other to the father and mother. . . .
Where the parties surviving are a widow and parents, there be-
ing no children, it seems that the law contemplates that the suit
shall be brought in the name of the widow; but in such a suit,
if she recovers, one-half is for the benefit of the surviving pa-
rents. That being the case, the law would not permit her to
destroy the rights of the parents by discontinuing the suit.
They could recover in that suit what belonged to them. They
could prosecute the case, even if she had been satisfied, or she
for any reason had withdrawn from the controversy. Therefore
I cannot see any good reason why the father should not recover,
in a suit brought by him for himself and the mother of the de-
ceased, the damages they may be entitled to, where the widow
abandoned the suit brought in her name, and where the father
had sued within the year. I instruct you that the plaintiff can
recover in this case, if it is shown that defendant is liable to re-
spond in damages, and the plaintiff has shown that he is in a

[Lehigh Iron Co. v. Rupp.]

position, in other respects, to sue for the alleged injury." . . " In computing the damages, if you arrive at the question of damages, you are to consider the business of the deceased, his wages, his physical condition, his habits and the probable duration of his life if the explosion had not taken place."

Verdict for the plaintiff for $498, and judgment thereon. The defendant took this writ of error, assigning for error, inter alia, the answer to its second point, and the portions of the charge above quoted.

*Edward Harvey* and *John D. Stiles*, for the plaintiff in error.—We contend that under the Act of April 26th 1855, P. L. 309, if the deceased leaves a widow and no children, she is alone entitled to recover damages, to the exclusion of parents. The Act of April 15th 1851, P. L. 674, gave the widow alone the right to sue, and while the act of 1855 extended this right to parents, it was not the intention to deprive the widow, if there was one, of her rights under the former Act. The disjunctive "or" shows that the right of parents was predicated on there being no widow : Penna. R. R. Co. v. Zebe, 9 Casey 328 ; N. Penna. R. R. Co. v. Robinson 8 Wright 178 ; Books v. Danville, 9 W. N. C. 339. The word " parents " in the Act of 1855 indicates the existence of family relation, in point of fact, as the foundation of the right to recover a reasonable compensation for the pecuniary loss sustained, and where this relation has ceased to exist at the time of the son's death by his marriage and separate residence the right in the parents does not exist : Penna. R. R. Co. v. Adams, 5 P. F. S. 499 ; Mansfield Coal Co. v. McEnery, 10 Norris 185 ; Penna. R. R. Co. v. Bantom, 4 P. F. S. 495 ; Penna R. R. Co. v. Henderson, 1 P. F. S. 323 ; Penna. R. R. Co. v. Keller, 17 P. F. S. 309 ; N. Penna. R. R. Co. v. Kirk, 9 Norris 15 ; Harkins v. Phil. & R. R. R. Co. 11 W. N. C. 120.

*John Rupp* (*R. E. Wright, Jr.*, with him), for the defendant in error.—While the Act of 1855 gives a right of action to the widow, children or parents, it expressly provides that the sum recovered in case of the existence of both a widow and parents, "shall go to them in the proportion they would take his or her personal estate in case of intestacy." Huntingdon, &c. R. R. Co. v. Decker, 3 Norris 419 ; N. Penna R. R. Co. v. Robinson, 8 Wright 175. The widow cannot by bringing a suit and settling it without the consent of the parents deprive them of their statutory right to damages. Where there is a legal right there is a legal remedy.

4 OUTERBRIDGE—7

[Lehigh Iron Co. *v.* Rupp.]

Mr. Justice TRUNKEY delivered the opinion of the court, April 24th 1882.

This action is by a father to recover damages for the alleged negligent killing of his son by the defendant. His own testimony shows that the deceased was over nineteen years of age when he died, had been married six months, was keeping house and living about eight miles distant from his parents before his death, and that his parents gave him furniture for housekeeping; it does not show that after his marriage he gave any of his earnings to his parents. There is no question but that his widow's rights, under the intestate laws and under the statutes relating to death caused by negligence, are the same as if he had been of full age. It is unnecessary to determine whether the deceased was emancipated, or whether he was primarily bound to support his wife, even if it took all his income from labor, leaving nothing for his father.

In such cases as this there was no right of action at common law. The right is purely statutory, and is vested in the surviving members of the family, to wit, " the husband, widow, children or parents of the deceased, and no other relative; and the sum recovered shall all go to them in the proportion they would take his or her personal estate in case of intestacy." In the decisions under the statute, it has been uniformly said that the words used seem to indicate the family relation in point of fact as the foundation of the right of action: N. Penna. Railroad Co. *v.* Kirk, 90 Pa. St. 15. The Act of 1851 gave the right of action exclusively to the widow, if there was one; if no widow, to the personal representatives. By the Act of 1858, the right is limited in all cases to the family; first, to the husband or widow; second, to the children, and last, to the parents. Where the deceased left children his parents have no right; nor have they where he left a widow and no children. The statute has never been construed that the husband and parents may have joint or separate actions, for the loss of the deceased wife and daughter. This is believed to be the first attempt by a parent to recover under the statute, when the deceased left a husband or wife or children surviving. The argument in support of the claim is rested on the right to share with the widow as in cases of intestacy.

Had it been the legislative intent to give parents an equal right with the widow, when the deceased was childless, provision would have been made for the measurement of damages. The damages recoverable are for the injury to the relative rights of the surviving members of the family; and are compensatory in all cases, except when there is bad motive, or circumstances of aggravation, which would justify punitive damages. If the child was free by age, or emancipation, and

[Lehigh Iron Co. v. Rupp.]

living apart from his parents, and in no way contributed to their support, they could not maintain an action, for they suffered no pecuniary loss, and the family relation had been dissolved to the extent of actual separation. But though the child was of full age, if the family relation existed in fact, and the parents had a reasonable expectation of pecuniary advantage from him, they can maintain the action: Penn. Railroad Co. v. Adams, 55 Pa. St. 469; N. Penna. Railroad Co. v. Kirk, *supra*. In an action for loss by the death of a minor child, the parents can recover only the value of his services during minority: Caldwell v. Brown, 58 Pa. St. 453. The chances of survivorship, his ability and willingness after he should become of age, to support others, are matters too vague to enter into an estimate of damages merely compensatory. The other classes to whom the right of action is given are entitled to damages based upon the expectancy of life of the deceased. In any of their cases the "loss is what the deceased would probably have earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone to the benefit of his children (or other party entitled), taking into consideration his age, ability and disposition to labor, and his habits of living and expenditures:" Penn. Railroad Co. v. Butler, 57 Pa. St. 335. When a husband or wife recovers damages, and there are children of the deceased, the provision of the statute for distribution under the intestate law applies, and strictly accords with the main object of the statute, which is a remedy for the loss to the family. The surviving members of the family are recompensed in damages for the deprivation. But if the parents take equally with the widow the main object of the statute is in part defeated. Besides, in some cases the parents would share with her, when if the deceased had not been married, they would have no right at all. In such case as the present, by sharing with the widow they take half what the loss was to her, when if their son had been single, they would only be entitled to the value of his services for less than two years. Results so preposterous are not within the intendment of the statute.

Notwithstanding the repeated decisions that for the death of a minor child, the parents can only recover the value of his services during minority, in addition to the expenses caused by the injury and death, the court instructed the jury to estimate the damages by the rule applicable in case of suit by the widow or children, and inasmuch as the defendant had settled with and satisfied the widow, the verdict should be for one-half the estimated damages. This instruction naturally followed the ruling that the parents may share with the widow in the amount recovered. By adhering to the statute which prefers

the widow, it will be unnecessary to apply one rule for the parent in measuring damages, where the son was single at the time of his death, and another where he was married.

As the plaintiff had no right of action the fifth and eighth assignments need not be remarked.

Judgment reversed.