# Lewis *v.* Hunlock's Creek & Muhlenburg Turnpike Company.

*Negligence—Death—Damages—Parties entitled—Widow—Children—Act of April 26, 1855, P. L.* 309.

Under section 1 of the Act of April 26, 1855, P. L. 309, which provides that " the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they would take in his or her personal estate in case of intestacy, " children of full age whose family relation with the deceased had been severed are not entitled to any share of a judgment which the widow of deceased has recovered in an action for his death.

*It seems* that where a judgment has been recovered by one person for the death of another under the Act of April 26, 1855, and other parties claim a share of the judgment, the proper remedy for such parties is by a bill in equity, and not by a rule to intervene as parties in the suit in which the judgment was recovered.

Argued April 15, 1902. Appeal, No. 366, Jan. T., 1901, by Iram D. Lewis and Stella Lewis Stackhouse, from order of C. P. Luzerne Co., Feb. T., 1896, No. 43, discharging rule to intervene on case of Emma C. Lewis, assigned to C. D. Foster *v.* Hunlock's Creek & Muhlenburg Turnpike Company. Be-

203 511
e41SC¹167
41SC¹168

fore McCollum, C. J., Mitchell, Dean, Brown and Mes-
trezat, JJ,   Affirmed.

Trespass to recover damages for death of plaintiff's hus-
band.

Rule to show cause why Iram D. Lewis and Stella Lewis
Stackhouse should not be added as parties plaintiff.   Before
Lynch, P, J.

From the record it appeared that plaintiff recovered from
defendant a verdict for $6,041.44 for the death of her husband.
Judgment was entered upon the verdict and thereafter the judg-
ment was assigned to C. D. Foster.   Subsequently Iram D.
Lewis and Stella Lewis Stackhouse took the rule to intervene.
The testimony taken under the rule showed that Stella Lewis
Stackhouse was a daughter of the deceased, of full age, mar-
ried, and had not resided with her father since her marriage.
Iram D. Lewis, was a son of the deceased, about thirty-one years
of age, and for several years had either lived away from home,
or had been paid wages by his father while he lived with his
family.

The court discharged the rule.

*Error assigned* was the order of the court.

*George K. Powell,* for appellants, cited : Huntingdon, etc.,
R. R. Co. v. Decker, 84 Pa. 419 ; Lehigh Iron Co. v. Rupp,
100 Pa. 95 ; Schnatz v. Phila. & Reading R. R. Co., 160 Pa.
602 ; Penna. R. R. Co. v. McCloskey, 23 Pa. 526 ; Allison v.
Powers, 179 Pa. 531 ; Penna. R. R. Co. v. Keller, 67 Pa. 300 ;
Illinois Central R. R. Co. v. Barron, 5 Wall. 90 ; North Penna.
R. R. Co. v. Robinson, 44 Pa. 175 ; Stahler v. Phila. & Read-
ing Ry. Co., 199 Pa. 383.

*John McGahren,* for appellee, cited : North Penna. R. R. Co.
v. Kirk, 90 Pa. 15 ; Lehigh Iron Co. v. Rupp, 100 Pa. 99 ;
Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602 ; Stahler
v. Phila. & Reading Ry. Co., 199 Pa. 383.

Opinion by Mr. Justice Mitchell, October 13, 1902 :
Section 1 of the Act of April 26, 1855, P. L. 309, provides that
" the persons entitled to recover damages for any injury caus-

ing death shall be the husband, widow, children or parents of the deceased, and no other relative; and the sum recovered shall go to them in the proportion they would take in his or her personal estate in case of intestacy." The claim of appellants is founded on too broad and too literal an application of the concluding clause of the sentence. Appellants are children of the deceased and as such would share in his estate in case of intestacy, therefore the argument that they are entitled to share in the sum recovered as damages for his death. But the provision read in connection with the whole act and the act of 1851 in pari materia is not so broad as this. The "sum recovered shall go to them" is the phrase and by "them" is meant the persons entitled to recover it. The provision is not for a further right of action but only for distribution in an action previously given. Such right is wholly statutory, and under the act of 1851 was vested in the widow " or if there be no widow, the personal representatives." By the act of 1855, supra, the right is restricted to certain relatives and their priority among themselves is defined. They cannot all claim jointly but each class in its own right and its own order. The parents, for example, have no standing at all except in the absence of husband or widow and children. The act first gives the right of action, and then prescribes the mode of distribution of the sum recovered, but that necessarily means distribution among those entitled to sue. It would be absurd to suppose that in the same sentence the statute meant to give part of the damages to those to whom it had denied the right of action. This was expressly decided in Lehigh Iron Co. v. Rupp, 100 Pa. 95, a case which in principle rules this. There a minor son was killed leaving a widow but no child. The widow brought suit which was compromised for a sum paid her. Then the father brought suit for the loss of his minor son. The trial court instructed the jury that as under such circumstances the father would take half the personal estate, he was entitled to half the damages for the death of his son, and that his suit could not be barred by the widow's settlement of hers. The father got a verdict but the judgment was reversed, this court saying, " The right is limited in all cases to the family; first to the husband or widow; second to the children; and last to the parents. Where the deceased left children his parents have no right;

nor have they where he left a widow and no children." See also Huntingdon, etc., R. R. Co. v. Decker, 84 Pa. 419.

The appellants in the present case though children of the deceased were over age and the family relation had been severed. They had therefore no right of action. All of the cases from the passage of the act have uniformly held that the damages recoverable under it are compensation for direct pecuniary loss only, and unless such loss be shown there can be no recovery. In the case of minor children the reciprocal legal rights of support and to receive the earnings raise a presumption of loss, unless it appear that the children have been emancipated and put on the pecuniary footing of adults. But if the children are of full age the direct pecuniary loss must be affirmatively shown. The rule as most commonly expressed is that the family relation must be shown to have existed. " Parents and children in the section seem to be words used with an intention to indicate the family relation in point of fact as the foundation of the right of action without regard to age. . . . Under age the law presumes the relation to exist and that stands for proof until the contrary appears. Over age no doubt but the relation must be shown to exist in point of fact : " Penna. R. R. Co. v. Adams, 55 Pa. 499. And " if there be a reasonable expectation of pecuniary advantage from a person bearing the family relation, the destruction of such expectation by negligence occasioning the death of the party from whom it arose, will sustain the action : " North Penna. R. R. Co. v. Kirk, 90 Pa. 15.

No case has departed from this rule, and the most liberal application of it was in Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602, where it was held that the family relation might be deemed to exist though the parent and children did not live in the same place, if the latter had received pecuniary benefits in the way of entertainment, contributions of money or clothing or food, etc., so regularly and for so many years as to justify a reasonable expectation of continuance. But even in that case it was said that " occasional gifts made or services rendered by a parent to daughters who had long before her death left her home and established homes of their own, are not sufficient proof on which to found a pecuniary loss."

Appellants rely largely on North Penna. R. R. Co. v. Robinson, 44 Pa. 175, where an action in the joint names of four

children was sustained, though there was proof of pecuniary loss only as to one.   The subject was then (1863) new and there are some expressions in the opinion which would probably not be used now since the law has been more fully developed and distinctly defined.   But there is no substantial departure in the case.   The judge below had charged the jury that the joint action being for the benefit of all under the statute could be sustained if any one of the plaintiffs was entitled to recover, but that the damages must be confined to the loss shown by that one.   This court held that that instruction, whether correct or not, did the defendant no harm, THOMPSON, J., saying, " Although the question is raised by the plaintiffs in error as to the right of all the children to join in the suit, yet I cannot see how they have any concern in the matter.   It is enough for them that the children are the parties, for if they recover jointly they never can again recover."

The appellants having no right of action in themselves, acquired none from the right of the widow.   It would be absurd to say that if the father had been a widower, appellants would have had no claim, but if he had married the day before his death, they would have become entitled to two thirds of what the widow might recover in her own right under the statute. The language of TRUNKEY, J., in Lehigh Iron Co. v. Rupp, 100 Pa. 95, already cited, is peculiarly apposite.   " If the parents take equally with the widow, the main object of the statute is in part defeated.   Besides, in some cases the parents would share with her, when, if the deceased had not been married, they would have no right at all.   In such case as the present, by sharing with the widow they take half what the loss was to her, when, if their son had been single, they would only be entitled to the value of his services for less than two years.   Results so preposterous are not within the intendment of the statute."

The appellee makes certain very serious preliminary objections to this proceeding, particularly to the attempt of a stranger to the record coming in after judgment by summary rule, not only against the plaintiff but also against a purchaser without notice.   But as the court below decided the case in favor of the appellee on the merits, these objections are not before us.   We may say, however, that the proper remedy is by bill as in Allison v. Powers, 179 Pa. 531.

Judgment affirmed.