ALESSANDRELLI v. ARBOGAST.

(District Court, M. D. Pennsylvania. November 10, 1913.)

No. 458.

LIMITATION OF ACTIONS (§ 127*)—ACTION FOR WRONGFUL DEATH—AMENDMENT OF STATEMENT OF CLAIM.

Under Act Pa. April 25, 1855 (P. L. 309), as amended by Act June 7, 1911 (P. L. 678), which gives a right of action for wrongful death to the husband, widow, children, or parents of the deceased, successively and in the order named, but not jointly, but limits the time for bringing action to one year after the death, the causes of action of the three classes named are separate and distinct and require different proof as to damages, and under the law of the state as settled by decision a statement of claim in such an action, in which plaintiff is described as widow, can-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not be amended after the expiration of the period of limitation to allege that plaintiff is the mother of deceased.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

At Law. Action by Giovanna Alessandrelli against Edward P. Arbogast. On motion by plaintiff for leave to amend pleadings. Motion denied.

M. A. Viti, of Philadelphia, Pa., and John McGahren and M. H. McAniff, both of Wilkes-Barre, Pa., for plaintiff.

F. B. Holmes, of Stroudsburg, Pa., for defendant.

WITMER, District Judge. An action of trespass was instituted by the plaintiff, as widow, to recover damages for the alleged negligent death of an alien, Giovanna Aulino. The accident occurred December 14, 1911, from which death resulted four days thereafter. The summons was issued December 17, 1912, and plaintiff's statement filed February 6, 1913, wherein it is alleged substantially that:

The "plaintiff is a subject of the king of Italy, and the widow of Giovanna Aulino, deceased; that the death of the said Giovanna Aulino resulted from certain alleged negligence of the defendant; that the plaintiff, as widow of said Giovanna Aulino, has sustained damages in the sum of $15,000, and therefore she brings suit."

The defendant, February 24, 1913, filed his plea alleging that the plaintiff is not the widow of the decedent, whereupon, on May 20, 1913, plaintiff moved to amend the record and pleadings by changing the capacity in which plaintiff sues from that of "widow" to that of "mother of the decedent," to which the defendant objects upon the ground that the proposed amendment would change the legal capacity in which the plaintiff sues, whereby a new and different cause of action would be introduced, depriving the defendant of the right which had accrued to him to plead the statute of limitation.

A civil action to recover damages for loss occasioned by the negligent or violent destruction of life is unknown to the common law. It can be maintained only by virtue of the statute creating it; and recovery must be accordingly to the course and measure of relief provided by the statute and at the suit of the person or persons on whom the statute confers the right of action. The plaintiff's right of action, if she has any, whether as widow or mother of the decedent, is under the Pennsylvania statute of the 25th of April, 1855 (P. L. 309), as amended by the act of June 7, 1911 (P. L. 678). The act, as amended, reads as follows:

"Section 1. Be it enacted, etc., that the persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this commonwealth.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Sec. 2. The declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter."

Herein provision is made for three classes of persons in whom the right of action may successively, but not jointly, exist: First, the husband or widow; second, the children; and, last, the parents.

"Where the deceased left children, his parents have no right; nor have they where he left a widow and no children." Lehigh Iron Co. v. Rupp, 100 Pa. 98.

"They cannot all claim jointly, but each class in its own right and its own order." Lewis v. Turnpike Co., 203 Pa. 513, 53 Atl. 349, 93 Am. St. Rep. 774.

Each class therefor has a separate and distinct cause of action. A cause of action has been defined as the particular matter for which suit is brought. In this case the cause of action is not simply that the deceased came to his death through the alleged negligence of the defendant, but it is more especially the taking away of the pecuniary expectancy which the plaintiff had in the continuance of the life that was lost. The demand the plaintiff is proposing to make under the amendment sought is different from that in the original claim. It will not be denied, as argued by counsel, that the pecuniary expectancy of the mother, and the expectancy of the widow are different, and that proof of value or amount of such depend on different facts requiring different evidence to establish the same. The expectancy of the widow and children depends on what the deceased would probably have earned during the balance of his lifetime. The law presumes that whatever the husband or father would earn during the whole of his lifetime would be for the benefit of his family, no matter where he might be or how far his work might take him from them. The mere fact of their relationship establishes their right to recover whatever the evidence show such earnings would have likely been.

But where suit is by the parents, the matter is different. The mere fact that the deceased was a child is not sufficient. It must be shown that there was an actual family relationship; that is, that the child still continued as a part of the family, that he was contributing to the support of the parents with sufficient regularity to justify the expectation that such support would be continued. The family relation must be established as a matter of fact. And before the parents may recover it must be made to appear that the decedent left surviving neither widow nor children. Surely the proposed amendment with necessary modification of the plaintiff's statement would affect the measure and character of proof required to establish the alleged tort, and necessarily increase the standard by which the damage is determined, and thus contravene the rule laid down by the Supreme Court in Com. v. Baxter, 235 Pa. 188, 84 Atl. 139, 42 L. R. A. (N. S.) 484:

"That the proposed amendment must not change the nature of the cause of action, nor destroy the identity of the original transaction, and that the damages are to be ascertained by the same standard."

The proposed amendment would also undoubtedly operate to the prejudice of the defendant, since it would require such defendant to

produce evidence by way of defense which he had a right to expect would no longer be needed; the statutory period having intervened. That a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected after the statute of limitations has become a bar, has been so often recognized that no authorities need be cited.

The proposed amendment is denied.