produce evidence by way of defense which he had a right to expect would no longer be needed; the statutory period having intervened. That a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected after the statute of limitations has become a bar, has been so often recognized that no authorities need be cited.

The proposed amendment is denied.

---

### ALESSANDRELLI v. STROUDSBURG HOSPITAL et al.

#### (District Court, M. D. Pennsylvania. November 10, 1913.)

#### No. 459.

At Law. Action by Giovanna Alessandrelli against the Stroudsburg Hospital and Joseph F. Miller. On motion by plaintiff for leave to amend pleadings. Motion denied.

M. A. Viti, of Philadelphia, Pa., and John McGahren and M. H. McAniff, both of Wilkes-Barre, Pa., for plaintiff.

Rogers L. Burnett, of Stroudsburg, Pa., and J. C. Ingham, of Towanda, Pa., for defendants.

PER CURIAM. And now, November 10, 1913, for reasons assigned in an opinion this day filed in the case of Giovanna Alessandrelli v. Edward P. Arbogast (No. 458) 209 Fed. 126, February term, 1912, the motion to amend plaintiff's statement is denied.

---

### CARL LAEMMLE MUSIC CO. et al. v. STERN et al.

#### (District Court, S. D. New York. October 16, 1913.)

**1.** COURTS (§ 308*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

A suit in a federal court sitting in New York, in which complainants were an Illinois corporation and four residents of New York and defendants were likewise residents of New York, was not maintainable on a ground of diverse citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*]

**2.** COURTS (§ 508*)—FEDERAL COURTS—JURISDICTION—COPYRIGHTS.

Copyright Act March 4, 1909, c. 320, § 25, 35 Stat. 1081 (U. S. Comp. St. Supp. 1911, p. 1480), authorizing injunctions to restrain infringement of copyrights, does not authorize a suit to restrain the state courts from prosecuting certain actions against complainants to restrain them from publishing and selling a certain song in which they relied on a copyright as a defense.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

**3.** COURTS (§ 508*)—SUBJECTS OF RELIEF—PROCEEDINGS IN STATE COURT.

Defendants sued complainants in a state court for breach of contract to transfer a song of which one of the complainants was the author, alleging that complainant corporation, with knowledge of defendants' rights, had published and sold large numbers of copies. In answer complainant corporation set up a copyright of the song as a defense. Defendants successfully demurred, and on the trial the corporation was enjoined from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes