## Leiby v. Hanlon et al.

*E. V. Buckley*, for plaintiff.

*B. H. Marks*, for defendants.

McLAUGHRY, P. J., October 17, 1935.—Patrick Joseph Hanlon brought suit against Robert B. Kerr to recover damages for the death of his wife, Nellie Walton Hanlon, which he alleged was caused by the negligent operation of an automobile. The deceased left to survive her her husband, the said Patrick Joseph Hanlon, and one adult

daughter, Mrs. Nellie E. Leiby. In the first paragraph of the statement of claim Mrs. Nellie Leiby, the daughter, was named. Following her name were the words "Over 21 years old." The original suit did not proceed to trial but a settlement was agreed upon, and the matter now before the court is to require Patrick Joseph Hanlon to divide the proceeds of the amount of settlement with Mrs. Nellie Leiby. Her claim is based upon the Act of April 26, 1855, P. L. 309, sec. 1, as amended by the Act of June 7, 1911, P. L. 678, which reads as follows:

"That the persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other State or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth."

The matter for the consideration of the court is almost entirely a question of law, and particularly to determine what is the proper interpretation of the Act of 1855. It is alleged on the part of the plaintiff that Nellie E. Leiby is entitled to share in the verdict with Patrick Joseph Hanlon. The position of the defendant is that she is not entitled to share in the verdict recovered by Mr. Hanlon unless in this suit she can prove that family relationship existed between her and her mother, and that she has suffered a pecuniary loss, and it is conceded that no such testimony was presented at the hearing relative to the family relationship existing between her and her mother, and there is no evidence that she had suffered a pecuniary loss on account of the death of her mother. At the hearing counsel for the plaintiff offered in evidence

paragraph 1 of the statement of claim of Patrick Joseph Hanlon against Robert B. Kerr, and also offered in evidence paragraph 5 of certain new matter set up in defendant's answer to the bill in equity. Counsel for the defendant then presented a motion to the court to dismiss the bill in equity for the reason that plaintiff failed to offer evidence proving family relationship and pecuniary loss.

We have examined carefully the decisions cited by counsel concerning the interpretation of the Act of 1855, and we are unable to reach the conclusion that the plaintiff has any standing in her effort to obtain a portion of the judgment in the case of Patrick Joseph Hanlon v. Robert B. Kerr. An interpretation of the Act of 1855 is given by the Supreme Court in the case of Lewis v. Hunlock's Creek & Muhlenburg Turnpike Co., 203 Pa. 511. In that case the court held:

"Under section 1 of the Act of April 26, 1855, P. L. 309, which provides that 'the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they would take in his or her personal estate in case of intestacy', children of full age whose family relation with the deceased had been severed are not entitled to any share of a judgment which the widow of deceased has recovered in an action for his death."

Believing as we do that this case rules the question before the court, we quote from the opinion of the Supreme Court in the above case, as follows:

"The claim of appellants is founded on too broad and too literal an application of the concluding clause of the sentence. Appellants are children of the deceased and as such would share in his estate in case of intestacy, therefore the argument that they are entitled to share in the sum recovered as damages for his death. But the provision read in connection with the whole act and the act of 1851 in pari materia is not so broad as this. The 'sum recovered

shall go to them' is the phrase and by 'them' is meant the persons entitled to recover it. The provision is not for a further right of action but only for distribution in an action previously given. Such right is wholly statutory, and under the act of 1851 was vested in the widow, 'or if there be no widow, the personal representatives.' By the act of 1855, supra, the right is restricted to certain relatives and their priority among themselves is defined. They cannot all claim jointly but each class in its own right and its own order. The parents, for example, have no standing at all except in the absence of husband or widow and children. The act first gives the right of action, and then prescribes the mode of distribution of the sum recovered, but that necessarily means distribution among those entitled to sue. It would be absurd to suppose that in the same sentence the statute meant to give part of the damages to those to whom it had denied the right of action."

Interpreting the statute and the decisions of the higher courts as we do, we have reached the conclusion that Nellie E. Leiby is obliged to prove family relationship and pecuniary loss before she is entitled to any share in the amount recovered by Patrick Joseph Hanlon on account of the death of Nellie Walton Hanlon.

Counsel for the plaintiff in his brief, while admitting the statements made in the case above cited, points to the case of Gaydos et al. v. Domabyl, 301 Pa. 523, a much later case. We have examined that case with a great deal of care, and especially that part which bears on the question before us. Counsel for the defendant in his brief quotes from page 532, and relies upon this as being the law governing this case. This quotation is as follows:

"All the children, under the act, should sue as parties plaintiff, even though at trial a pecuniary loss to one child only can be shown [cases cited]. Where all sue and less than that number have been damaged, the verdict must be confined to the loss shown by those damaged [cases cited], even though the verdict and distribution of

the amount, under the act, must be made among all the children [cases cited]."

We have examined practically all of the cases cited in connection with the above statement by the Supreme Court, and we are unable to discover any ground for the conclusion that is alleged to be applicable in this case. We do not believe that there was any intention of the Supreme Court in that case to give a different interpretation of the Act of 1855 than had been previously expressed in the case of Lewis v. Hunlock's Creek & Muhlenburg Turnpike Co., supra. Interpreting the law, therefore, as we do, we are obliged to grant the motion of counsel to dismiss the bill in equity.

### Decree

And now, October 17, 1935, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, the motion presented by counsel for the defendant to dismiss the bill in equity is granted.