## Davis' Estate

*John D. Ray*, for exceptant.

*T. A. Tenor*, contra.

McCreary, P. J., March 18, 1946.—The first and final personal account of Jessie N. Blum, executrix of the last will and testament of Virgil Davis, late of South Beaver Township, Beaver County, Pa., deceased, was filed at no. 15, December term, 1945, and was duly confirmed nisi. Under the rules of the Orphans' Court of Beaver County executrix attached to the account a proposed schedule of distribution, proposing that the balance of $453.93, in the hands of the accountant, be distributed to Jessie N. Blum, sole legatee under the last will and testament of decedent, Virgil Davis, less the costs payable to the clerk of courts in the amount of $5, the latter sum being the amount chargeable for recording the audit statement and final decree of distribution. Exceptions were filed by John D. Ray, Esq., representing John G. Davis, father of the deceased; Eugene M. Davis and Gus Davis, brothers of the deceased, and Edna Pickard and Helen Dunham, sisters of the deceased, claiming that the balance for distribution is payable to the father, brothers and sisters of the deceased rather than to the proposed distributee, Jessie N. Blum.

The matter came on for hearing at the time fixed for hearings of audits of accounts, and distribution of

the balance to the parties entitled thereto, and the court entered a decree on February 1, 1946, directing that the balance in the hands of the accountant be distributed, after payment of the costs of audit, to Jessie N. Blum, sole legatee under the last will and testament of decedent.

Thereupon the exception filed to the proposed distribution was renewed and the matter set down for argument. At the argument counsel for accountant and counsel for exceptants agreed upon the facts involved in the case, and from a consideration thereof the court is convinced that the exception should be overruled and the decree heretofore entered on February 1, 1946, should be affirmed.

The facts may be briefly summarized as follows:

Decedent, Virgil Davis, died as the result of the negligence of a wrongdoer, first having made his last will and testament, duly probated and registered in the office of the register of wills of Beaver County in will book, vol. 38, page 384, wherein and whereby he gave all of his property, real, personal and mixed, unto Jessie N. Blum, her heirs, administrators and assigns, subject only to the payment of his just debts, funeral expenses and expenses of administration, and he appointed Jessie N. Blum executrix of his will. Difficulties arose between executrix of the estate and the next of kin concerning the prosecution of a suit to recover damages resulting from the negligence of the wrongdoer and accruing to the parties entitled thereto. The disagreement between executrix and the next of kin was of such a nature as to make any agreement between the parties impossible of realization, and accordingly executrix entered into negotiations with the insurance carrier for the wrongdoer, and, without bringing suit, compromised the claim of the executrix against wrongdoer and made settlement with the insurance carrier in the amount of $2,500. The settlement with the insurance carrier involved only the claim

of the executrix under the so-called "survival" statute, being section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of July 2, 1937, P. L. 2755, sec. 2, 20 PS §772. The compromise, release and settlement did not purport to cover the claim under the "wrongful death" statute. As a matter of fact, a separate suit was entered by the father, in Allegheny County, under the "wrongful death" statute, being the Acts of April 15, 1851, P. L. 669, sec. 19, April 26, 1855, P. L. 309, sec. 1, June 7, 1911, P. L. 678, sec. 1, May 13, 1927, P. L. 992, sec. 1, 12 PS §1601 to 1604.

The amount of the settlement, as stated above, was $2,500, out of which was paid the agreed attorney's fee of $900, leaving a net balance for the estate in the amount of $1,600. After payment of all the debts of the decedent which were called to the attention of the executrix, including administration expense, funeral expenses, medical, nursing and hospital expenses and all common claims against the estate, the actual balance left for distribution was the amount above referred to.

The sole question for determination by the court under this state of facts may be briefly stated as follows: Where a decedent is killed by the negligence of a wrongdoer, is the fund realized by the executrix of his estate, as a result of a compromise settlement of the claim of the executrix under the "survival" statute, against the wrongdoer, payable to the sole beneficiary named in the last will and testament of decedent, or is it payable to the next of kin of decedent?

To state the question is to answer it. There is no doubt in the mind of this court that the fund is payable to the sole beneficiary named in the last will and testament of decedent.

The question seems not to have ever been raised in any of the reported cases in Pennsylvania, and we have no precedent for our decision. The answer appears to

be so obvious to the court as to explain the lack of precedent in the decisions. It appears to be so simple that it probably has never occurred to anyone heretofore to raise the question, and that probably explains the lack of precedent.

A brief review of the provisions of the "true wrongful death" statute and the "survival" statute makes the answer all the more obvious. The statutes creating the action for wrongful death, as they appear on the statute books today, provide as follows:

"That whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned" (Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601).

"The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; *and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth.* If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death" (Act of April 26, 1855, P. L. 309, sec. 1, as amended by the Acts of June 7, 1911, P. L. 678, sec. 1,

and April 1, 1937, P. L. 196, sec. 1, 12 PS §1602). (Italics supplied.)

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 35(*b*), as amended by the Act of July 2, 1937, P. L. 2755, sec. 2, 20 PS §772, reads in part as follows:

"Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, *and all personal actions which the decedent whom they represent might have commenced and prosecuted,* except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived." (Italics supplied.)

Executrix compromised the claim of decedent under this "survival" statute, and under the agreed statement of facts, included none of the items of damage in the settlement for which the surviving father of the deceased might make claim under the "true wrongful death" statute.

It should be noted that these two rights created by statute are separate and distinct. The "true wrongful death" statute created a right in favor of a spouse, children or surviving parents, in the proportion they would take the personal estate of decedent in case of intestacy, and this without liability to creditors under the laws of the Commonwealth. The "survival" statute creates a right in favor of the personal representative of decedent for the benefit of the estate, as such. The two causes of action are independent of each other, and the prosecution of one without joining the other will not bar the subsequent prosecution of the cause of action which was omitted from the first action, see Goodrich-Amram, secs. 2201-38.

Exceptants were not harmed by executrix of the estate of decedent compromising and settling the claim of

the estate against the wrongdoer. They still have a right, under the "wrongful death" statute, to recover the damages which they suffered in their own right, and which were created in their favor by the "wrongful death" statutes. See 89 University of Penna. Law Review, 1098; also annotations to Goodrich-Amram Pennsylvania Procedural Rules, sec. 2201-38 and authorities there cited.

The Supreme Court of Pennsylvania has never been called upon, so far as we have been able to ascertain, to decide the precise question involved in this case. In the case of Siidekum v. Animal Rescue League, 353 Pa. 408, wherein the question of the distribution of two funds realized from the prosecution of (1) a claim under the "wrongful death" statute, and (2) a claim under the "survival" statute, in one suit, was before the court for consideration, the court determined that the estate of the decedent is entitled to the amount of the verdict rendered by the jury in favor of the executor, under the "survival" statute, and determined that the fund should pass as provided by the terms of the will of the decedent. At page 418 of the report last referred to, the court used the following language:

"Had these respective measures of recovery been properly observed it is obvious that the verdict on behalf of decedent's estate would have been substantially greater and that on behalf of the husband correspondingly less. However, we are informed that decedent had no creditors and we learn from an inspection of her will that any recovery obtained by her estate in the present action would pass to her husband as residuary legatee. As she left no children, and was survived only by her mother and her husband, he is also the sole person entitled to the damages recoverable for her wrongful death. (Lehigh Iron Co. v. Rupp, 100 Pa. 95; Lewis v. Hunlock's Creek & Muhlenberg Turnpike Co., 203 Pa. 511, 53 A. 349.)"

This clearly indicates that when the precise question reaches the Supreme Court of Pennsylvania, if it ever

does, the court would reach the same conclusion as we have reached in this case, namely, that the proceeds of a settlement of a claim under the "survival" statute, made by an executrix against a wrongdoer for damages accruing to the estate of decedent by reason of the negligence of the wrongdoer, are payable to the estate of decedent and distributable under the terms of the will, in case there be a will, and under the provisions of the intestate laws of Pennsylvania, in case decedent died without a will.