## Ditkosky, Trustee, v. Schreiber Trucking Company et al.

*Louis G. Feldmann*, for petitioner.

*George I. Puhak*, for respondents.

PINOLA, J., June 7, 1951.—We have before us a petition filed under Pa. R. C. P. 2206(*b*) for an order of court designating the persons who are to share in the damages recovered as the result of the settlement of an action brought for wrongful death.

On July 24, 1950, John A. Ditkosky, a member of the State Police, died as the result of an automobile accident involving a truck of defendants. He left to survive him a wife to whom he was married on April 20, 1950, no children, and his parents, George Ditkosky and Rose Ditkosky.

The wife, Anna M. Ditkosky, as trustee ad litem,

brought an action against defendants and a settlement thereof was effected for $17,050.

In the petition now before us, she avers that the expenses incurred by the estate of John A. Ditkosky, for funeral, etc., amount to $1,205; that the State Workmen's Insurance Fund is entitled to the return of $708.57, the amount of payments made to her under the provisions of the Workmen's Compensation Law; and that under a contingent fee agreement, she owes Louis G. Feldmann, her attorney, $4,262.50 for services in the case. The payment of these amounts would leave for distribution $10,873.93.

At trial, some of the expenses in connection with the funeral were questioned. However, we need not consider the propriety of any expenditures if the widow, as she claims, is entitled to the entire fund. So we will turn immediately to the claim of the parents of the deceased. They contend that the widow is not entitled to the entire sum recovered; that she is entitled to receive only (a) the widow's exemption of $750, section 211 of the Act of April 18, 1949, P. L. 512, 20 PS §320.211, and (b) the first $10,000 in value and one half of the balance of the estate, under section 2 of the Act of April 24, 1947, P. L. 80, 20 PS §1.2(3).

Their counsel have cited two cases which would seem to support their position.

In Muzychuk v. Yellow Cab Company, 343 Pa. 335, Chief Justice Drew, quoting from McFadden v. May, 325 Pa. 145, 148, declared that under section 2 of the Act of 1855, P. L. 309:

" 'The recovery by the person or persons bringing the suit is for the benefit of the whole group, and each member thereof is entitled to a distributive share under the intestate laws.' "

And in Ferne, Admx., v. Chadderton et al., 363 Pa. 191, Mr. Justice Stern declared (p. 196) :

"The Death Statute of April 26, 1855, P. L. 309,

provides that the sum recovered in the action shall go to the parties beneficially entitled thereto in the proportions in which they would take the personal estate of the decedent in case of intestacy; therefore the award made by the jury in such actions is not to be apportioned by them among the beneficiaries; their award must be merely a lump sum which is then distributable as prescribed by the statute."

But these statements are in apparent conflict with the statement of Mr. Justice Stern in Siidekum, Admr., v. Animal Rescue League of Pittsburgh et al., 353 Pa. 408, 419, that:

"As she (wife) left no children, and was survived only by her mother and her husband, he is also the sole person entitled to the damages recoverable for her wrongful death. (Lehigh Iron Co. v. Rupp, 100 Pa. 95; Lewis v. Hunlock's Creek & Muhlenburg Turnpike Co., 203 Pa. 511, 53 A. 349)."

As we understand the law, all three statements are incomplete. This result follows from the failure to distinguish between the right to share in the distribution of the amount recovered in a wrongful death action and the right to maintain the action.

The provision of section 1 of the Act of April 26, 1855, P. L. 309, 12 PS §1602, that the sum recovered shall go to the beneficiaries named in the proportion they would have taken in his intestate personalty must be interpreted in the light of the right of action previously given; this provision is not a further right of action, but only for distribution in the action previously given. If necessarily means distribution among those entitled to sue. One is obliged to prove the family relationship and pecuniary loss before he is entitled to share in any of the amounts recovered in a wrongful death action: 11 Standard Pa. Practice 67, sec. 76.

In this case, the deceased had, after marriage, left the parental home and there is no contention on the

part of the parents that he supported them. All he did was to pay the insurance premiums on one policy for three months. The amount of the premiums was not given.

This is clearly insufficient to establish any right in them. In Lewis v. Hunlock's Creek & Muhlenburg Turnpike Company, supra, Justice Mitchell said (p. 514):

"No case has departed from this rule, and the most liberal application of it was in Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602, where it was held that the family relation might be deemed to exist though the parent and children did not live in the same place, if the latter had received pecuniary benefits in the way of entertainment, contributions of money or clothing or food, etc., so regularly and for so many years as to justify a reasonable expectation of continuance. But even in that case it was said that 'occasional gifts made or services rendered by a parent to daughters who had long before her death left her home and established homes of their own, are not sufficient proof on which to found a pecuniary loss.' "

From the evidence, we make the following

### Finding of Fact

1. After his marriage, John A. Ditkosky did not in any way contribute to the support of George Ditkosky and Rose Ditkosky, his father and mother.

And we reach the following

### Conclusions of Law

1. The parents had no reasonable expectation of pecuniary advantage the destruction of which by the death of the son would sustain any action in their behalf.

2. The widow is entitled to the entire fund.

Accordingly, we make the following

## Order

Now, June 7, 1951, it is ordered, adjudged and decreed that Anna M. Ditkosky, trustee ad litem, distribute the funds in her possession as follows:

| | |
|---|---|
| To Anna M. Ditkosky, administrator of the estate of John A. Ditkosky, | $ 1,205.00 |
| To State Workmen's Insurance Fund, | 708.57 |
| To Louis G. Feldmann, attorney, | 4,262.50 |
| To Anna M. Ditkosky, widow of John A. Ditkosky, | 10,873.93 |
| | $17,050.00 |

The prothonotary will enter this order and notify counsel, and if no exceptions are filed thereto within 10 days from the receipt of such notice, it will become final.