**McDONALD v. PENNSYLVANIA R. CO. et al.**

**No. 11168.**

United States District Court
E. D. Pennsylvania.

Nov. 6, 1952.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa, for defendant Pennsylvania R. Co.

Axelroth & Porteous, of Philadelphia, Pa. and Wood & Hauser, of Norristown, Pa., both for defendant S. J. Groves & Co.

GRIM, District Judge.

In May of 1950, a large truck crane owned and operated by the defendant S. J. Groves & Sons Co., Inc., stopped while crossing the tracks of the defendant Pennsylvania Railroad Company at a public crossing. While the truck crane was stopped on the railroad tracks, a train of the Pennsylvania Railroad rounded a bend and proceeded toward the intersection at such a speed that it could not be stopped before it struck the vehicle in its way. It struck the truck crane with great force demolishing it, badly damaging the engine of the train, and injuring the engineer of the train so badly that he died from his injuries about two hours later. The widow of the engineer, Ella M. McDonald, has brought this suit as executrix of the estate of her deceased husband, Jasper R. McDonald, against both S. J. Groves & Sons Co., Inc. and the Pennsylvania Railroad Company.

The suit against Groves includes both the Pennsylvania action for wrongful death, 12 P.S. §§ 1601–1604, and the Pennsylvania survival action, 20 P.S. §§ 320.603, 320.613. The suit against the railroad is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

In a trial before a jury there has been a verdict in favor of the defendant in the suit against the Pennsylvania Railroad, and a verdict in favor of the plaintiff in the sum of $75,000 in the suit against Groves.

Groves has filed a motion for judgment in its favor notwithstanding the verdict and in the alternative for a new trial.

At the end of my charge to the jury, I asked counsel whether they wished to take any exceptions or make any suggestions as to portions of the charge. There then ensued quite a lengthy discussion at side bar between counsel and myself in the course of which counsel for plaintiff and counsel for Groves agreed that the claim for funeral expenses should be withdrawn from the jury and that if there should be a verdict and judgment against Groves, Groves would pay the claim for funeral expenses in addition to the amount of the verdict. Also counsel for plaintiff offered and agreed to withdraw one of the items of damage in the survival action, the item withdrawn being the present worth of the probable retained net future earnings of the decedent.

After this lengthy side bar discussion, I told the jury that the claim for funeral expenses had been withdrawn from their consideration, but apparently I inadvertently failed to mention to the jury that the claim for the probable retained net future earnings of the decedent had been withdrawn. Counsel for Groves had not agreed that the claim for probable net future earnings could be withdrawn and he did not call to my attention the fact that I failed to tell the jury that this claim had been withdrawn. This item had been explained to the jury in the main portion of my charge and they may have included it as an item which they considered in arriving at the amount of the verdict, despite the fact that unknown to the jury this claim had been withdrawn. However, since counsel for Groves did not call this matter to my attention when I addressed the jury after the side bar discussion, I see no reason why my failure to withdraw the item from consideration by the jury should be a ground for a new trial. Incidentally, this item was not a very substantial one, since the evidence indicates that the decedent after every pay day gave practically everything he earned to his wife, except $5 a week, which he retained for tobacco and incidental expenses.

During the main portion of my charge, I explained to the jury the various items which they could consider in both the wrongful death and the survival actions. At the end of the main portion of the charge, in reference to whether or not

there had to be separate verdicts in the wrongful death action and in the survival action, counsel for the plaintiff and the defendant made these statements:

"Mr. Richter: I don't think it would make any difference if in bringing in their verdict they rendered one verdict instead of two. Do you have any objection?

"Mr. Axelroth: I think that is within the discretion of the court."

Since the date of the trial the Court of Appeals of the Third Circuit in Patton v. Baltimore & O. R. Co., 197 F.2d 732, at page 744, has decided that it is necessary that there be separate verdicts in some cases where wrongful death and survival actions are tried together, saying:

"At the new trial separate verdicts may be necessary. In an action for wrongful death the recovery, if any, passes to a limited group of beneficiaries as defined by statute. The recovery is apportioned among the beneficiaries in accordance with the intestate laws of Pennsylvania without regard to a decedent's will and the sum recovered is not available to creditors of the decedent. See the provisions of the Act of April 26, 1855, P.L. 309, § 1, as amended by the Act of April 1, 1937, P.L. 196, § 1, 12 P.S.Pa. § 1602. In a survival action the recovery enures for the benefit of the decedent's estate. Not only is it available to creditors, but likewise it passes in applicable cases to legatees pursuant to will. * * *"

 In the present case, with or without the withdrawal of the claim for the present worth of the decedent's probable future retained net earnings, both the wrongful death and the survival causes of action were before the jury. Plaintiff has filed an affidavit, not disputed by a counter-affidavit, showing that there are no creditors of the estate and that the entire estate goes to the widow, who as executrix is the plaintiff in the case. It is true that the proceeds of a death action are distributed in accordance with the intestate laws of Penn-

sylvania unaffected by claims of creditors or legatees, Patton v. Baltimore & O. R. Co., supra. It is true also that from the affidavit of plaintiff and the record in the case it appears that the decedent and his wife, the plaintiff, have three children. Since children share their father's estate with their mother under the intestate laws of Pennsylvania, it might appear that in the present case there must be separate verdicts in the wrongful death action and in the survival action in order to determine in how much of the total verdict the children will share. But this is not the case. Although the Pennsylvania Wrongful Death statute states, 12 P.S. § 1602, that "the sum recovered shall go to them (the designated beneficiaries) in the proportion they would take * * * in case of intestacy", the Pennsylvania decisions (which control this court in its interpretation of the statute) hold that where a husband dies leaving a dependent widow and non-dependent children the widow takes the entire proceeds of a wrongful death action to the exclusion of the children. Lewis v. Hunlock's Creek & Muhlenberg Turnpike Co., 203 Pa. 511, 53 A. 349. See also Armstrong v. Berk, D.C., 96 F.Supp. 182. The evidence in the present case is not as clear as it might be, but it appears to me, and I take it to be a fact, that all three of the decedent's children at the time of his death were mature, self-supporting and in no way dependent upon the decedent. In view of this, all the proceeds of the case from both the wrongful death and the survival actions, will go to the widow and there is no need for separate verdicts.

I am overruling without further discussion all of Groves' contentions in reference to its many assigned reasons for a new trial and for judgment n. o. v.

And now, November 6, 1952, in accordance with the foregoing opinion, it is Ordered that the motion of S. J. Groves & Sons Co., Inc., Defendant, for judgment in its favor and its alternative motion for a new trial be and the same are hereby denied.