## Chapman Estate

*Adam B. Krafczek*, for accountant.
*Mark C. McQuillen*, for claimant.

MUTH, P. J., February 21, 1966.—Decedent, Crawford H. Chapman, died on January 14, 1962, intestate and not survived by his spouse but by two sons and a daughter. Letters of administration on his estate were granted on January 15, 1962, to Johnnie M. Chapman, his son, by the Register of Wills of Berks County, Pa. . . .

St. Joseph's Hospital, of Reading, Pa., has filed exceptions to the account of Johnnie M. Chapman, administrator of the estate of Crawford H. Chapman,

decedent. The exceptions are based upon the contention that the accountant failed to include the sum of $1,650, being a portion of the proceeds received as a result of a proceeding in the court of common pleas by the accountant against John F. Wentzel, the City of Reading and Sidney A. Livingood, in the nature of a wrongful death action and a survival action, in which there was a directed verdict in favor of plaintiff, the accountant, in the wrongful death action in the sum of $5,250, and for defendants in the survival action.

Despite the verdict in favor of defendants in the survival action, the accountant included as an asset of the estate the sum of $1,650 received in the wrongful death action. The question remains as to whether the accountant should have included all of the $5,250 received in the wrongful death action as an asset of the estate. . . .

The account shows a balance presently available for disposition in the sum of $1,531.20, with claims outstanding for those mentioned above plus a claim of the Reading School District for taxes of $81.62. All of the claims are entitled to priority except the claim for taxes.

Are the proceeds of the wrongful death action an asset of this estate? The answer must be in the negative. See Hoover Estate, 11 D. & C. 2d 593, 7 Fiduc. Rep. 476, in which the characteristics of the wrongful death action are described as well as the effect of the provisions of the Fiduciaries Act of April 18, 1949, P. L. 512, secs. 601 and 603, known as the Survival Act. In that decision, the court points out that a survival act recovery inures to the benefit of decedent's estate and covers loss of earnings, compensation for pain and suffering, and the present worth of decedent's likely earnings for his life expectancy diminished by provision for his dependents. The court con-

cluded that the funds recovered in the wrongful death action are not assets of decedent's estate, that such funds are payable to decedent's dependents, widow and children.

In the matter before us, there are no dependent children or spouse. However, we are unable to go beyond the verdict in this litigation in the court of common pleas of this county to January term, 1963, no. 51, because of the provisions of the Act of July 28, 1953, P. L. 659. This act provides in section 1:

"Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of the estate of a decedent, any court in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action".

Section 2 of the same act provides:

"The order of the court approving such compromise or settlement or an agreement for the payment of counsel fees and other expenses shall not be subject to collateral attack in the Orphans' Court in the settlement of the decedent's estate". See Trigg Estate, 86 D. & C. 76, 4 Fiduc. Rep. 37.

In an article in the Fiduciary Review of November, 1956, pertaining to the estates of minors and incompetents with reference to survival actions and wrongful death actions, similar conclusions are set forth to the effect that proceeds of a survival action become part of decedent's estate subject to the claims of creditors and inheritance tax: see Davis' Estate, 56 D. & C. 359. But the proceeds of a wrongful death action are not part of decedent's estate, but pass to the persons

designated by the Act of April 26, 1855, P. L. 309, sec. 1, 12 PS §1602 (McFadden v. May, 325 Pa. 145), and that, therefore, the proceeds from a wrongful death action are not subject to the claims of decedent's creditors: Lucabaugh Estate, 74 D. & C. 68. Consequently, the exceptions of the St. Joseph's Hospital to the account are dismissed.

Actions for wrongful death are instituted in accordance with statute. The statutory provision is as follows:

". . . the persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth. *If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death*": April 26, 1855, P. L. 309, sec. 1; June 7, 1911, P. L. 678, sec. 1; April 1, 1937, P. L. 196, sec. 1.

In an action by grown children for the wrongful death of a parent, the proper measure of damages is the reasonable expectancy of the pecuniary advantage during the continuance of the family relationship: Boyle v. Lehigh Valley Transit Company, 19 Lehigh 309.

It is the family relation which entitles children to recover for a parent's death: Gaydos v. Domabyl, 301 Pa. 523. The right to participate in the proceeds of a wrongful death action depends upon the ability to establish loss. If a decedent is survived by a widow and non-dependent children, the widow takes the entire proceeds of the wrongful death action: McDonald v. Pennsylvania Railroad Co., 108 F. Supp. 293. Children of full age, whose family relation with the deceased had been severed, are not entitled to any share of a judgment obtained in a death action: Lewis v. Hunlock's Creek & Muhlenburg Turnpike Company, 203 Pa. 511.

While we are precluded by the act of 1953, aforesaid, from questioning the verdict obtained in the court of common pleas, it would seem that it would have been more equitable, in view of the unpaid hospital and burial expenses, to have assigned the damages to cover these items to the survival action. It is probable that a recognition of this inequity prompted the accountant to include a portion of the proceeds of the wrongful death action in his account and to have paid other creditors out of the proceeds he had received. . . .

Since it appears from the testimony of the accountant himself that the only remaining unpaid creditors entitled to priority payment are the St. Joseph's Hospital, with a claim in the sum of $1,981.75, and Dr. Harold Cohn, having a claim in the sum of $75, the balance of this estate after the allowance of costs, will be awarded to the said claimants proportionately.

OPINION SUR EXCEPTIONS TO ADJUDICATION

MUTH, P. J., May 27, 1966.—Johnnie M. Chapman has filed exceptions to our adjudication of February 21, 1966, contending that the auditing court is in error in making distribution of the assets of the es-

tate and in not allowing a credit to him for payment to creditors prior to adjudication. Upon an examination of the account and adjudication, and after argument heard, we conclude that the exceptions must be sustained. As pointed out in our adjudication, exceptant obtained a verdict in the Court of Common Pleas of Berks County against John F. Wentzel, the City of Reading and Sidney A. Livingood in a wrongful death action in the sum of $5,250. His attorney was paid $1,750, and the balance of $3,500 remained in his possession.

Decedent, Crawford H. Chapman, was survived only by three children and no widow. The children were not dependent upon decedent. The Wrongful Death Statute of April 26, 1855, P. L. 309, as amended, provides that if none of the relatives (widow or children) are left to survive decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death. We further pointed out in our adjudication that it is the family relation which entitled children to recover (Gaydos v. Domabyl, 301 Pa. 523), and that nondependent children are not entitled to share in the proceeds: McDonald v. Pennsylvania Railroad Co., 108 F. Supp. 293, and Lewis v. Hunlock's Creek & Muhlenberg Turnpike Company, 203 Pa. 511.

Obviously, under the circumstances, plaintiff, as the personal representative, recovers the verdict not as an individual, but as a fiduciary. As a fiduciary, he is required to account for the proceeds. Our distribution in the adjudication aforementioned is entirely in error, since the entire amount of the verdict must be accounted for.

In order to avoid duplication, we shall not require the restatement of the account, but shall, in effect, do

the same in our adjudication, giving credit for those items of administration set forth in the account, modifying, however, the amount of the administrator's commission and the attorney's fee, fixing the former at $181.20 and the latter at $185. . . .

Our said adjudication is hereby amended as above set forth and confirmed in all other respects. This confirmation and amended adjudication is hereby confirmed absolutely this 27th day of May, 1966.